Hon. EDGAR N. HARWOOD, ⎫
Hon. WILLIAM H. DE WITT, ⎬ Associate Justices.

---

SCHWABE, RESPONDENT, *v.* LISSNER ET AL., APPEL-
LANTS.

[Submitted January 16, 1893. Decided June 6, 1893.]

JUSTICE OF THE PEACE—*Power to open default.*—A justice of the peace upon a
proper showing has power to set aside a default and judgment entered thereon,
and allow a defense to be interposed under section 804, title XVIII, of the Code
of Civil Procedure, relating to procedure in justices' courts, which provides
that the provisions of the Code of Civil Procedure relative to practice, plead-
ing, and trial in the district courts shall, so far as applicable, be observed in
justices' courts, section 116 of such code permitting default judgments to be
vacated in the district court in certain cases. (*Gage* v. *Maryatt,* 9 Mont. 265;
*Pincus* v. *Dowd,* 11 Mont. 88, cited.)

*Appeal from First Judicial District, Lewis and Clarke County.*

Plaintiff's application for a writ of prohibition commanding
a justice of the peace to refrain from hearing a motion to set
aside a default and judgment entered against defendants was
granted by BUCK, J. Order reversed.

(215)

*Toole & Wallace*, for Appellants.

I. The provisions of section 116 are as mucn a part of the Justices' Practice Act as if they were rewritten at length therein, and a justice court has complete power under the provisions of that section to entertain motions to vacate judgments. It was insisted by respondents in the court below that this section 116 conferred a power or jurisdiction upon a court, and that the word "practice" used in section 804 did not comprehend any provisions conferring power. This contention narrows itself down into an inquiry into the meaning of the word "practice," and an inquiry whether section 116 is a provision of "practice." Law is divided into substantive and adjective law. (Rapalje's and Lawrence's Law Dictionary, definition "Law," p. 731.) "Adjective law," or "procedure," comprehends and consists of three divisions—pleading, practice, and evidence; and any provision whereby substantive law—i. e., "rights or obligations"—are effectuated, is either a provision of "practice," "pleading," or "evidence." (See definition "Procedure," Rapalje's Law Dictionary, p. 1016; definition of "Practice," Rapalje's and Lawrence's Law Dictionary, p. 990.) The definition above referred to shows that in a comprehensive sense the word "practice" is synonymous with "procedure." The provision of section 116, herein quoted, must then, being a provision of procedure, be either one of practice, pleading, or evidence, and as such, within this classification, it is confessedly one of practice, and so becomes applicable to justice courts. To deny this privilege would be to make a justice's judgment, however erroneously rendered, as impregnable as granite, since no relief could be sought either by appeal, as shown above, or by motion for a new trial (because there must first have been an issue of fact tried), or by bill in equity. (*Hunter* v. *Hoole*, 17 Cal. 418.) The two decisions of the supreme court of California (*O'Connor* v. *Blake*, 29 Cal. 312; *Winter* v. *Fitzpatrick*, 35 Cal. 269), seeming to maintain a contrary position, were decided under an entirely different condition of the statutes. It has been repeatedly decided that no appeal lies from a default judgment of a justice. (*People* v. *County Court*, 10 Cal. 19; *Martin* v. *District Court*, 13 Nev. 85; *Funkenstein* v. *Elgutter*,

11 Cal. 328.) And it is equally settled law that an appeal will lie from a judgment by default where a motion was made in the court below to vacate it. (*Butler* v. *Heeb*, 38 Iowa, 429; *Hallock* v. *Jaudin*, 34 Cal. 167; *Pearson* v. *Carson*, 69 Mo. 569; *Lauferty* v. *Prickett*, 50 Ind. 24; *Leavenworth etc. Ry. Co.* v. *Forbes*, 37 Kan. 445. See also 12 Am. & Eng. Ency. of Law, pp. 471, 474, 483; Cowdrey's Justice Treatise, § 1204.)

II. The prior decisions of this court upon this question clearly declare the law, and should not be disturbed. (*Pincus* v. *Dowd*, 11 Mont. 88; *Gage* v. *Maryatt*, 9 Mont. 265.)

*Thomas C. Bach*, for Respondent.

I. It is conceded that unless the power has been given to the justices' courts, by statute, to vacate their judgments, the power does not exist. The vacating of a judgment involves the power or jurisdiction to do a thing, and not the mode of exercising that power, which is merely practice. Again, all of the authorities, when speaking of vacating a judgment, use either the word "power," or the word "jurisdiction;" never the word "practice." See Black on Judgments, § 297. (*Fredericks* v. *Davis*, 6 Mont., 460); and cases cited in *Territory* v. *Clayton*, 8 Mont. 1); and New York cases cited, *infra*. The definitions of "practice" given by the different authorities clearly draw the distinction between power and practice. See Bouvier's Law Dictionary, Black's Law Dictionary, Anderson's Dictionary of Law, Rapalje and Lawrence's Law Dictionary, Burrill's Law Dictionary. Two things are noticeable from these definitions: 1. That they refer to the mode of invoking the action of the court. 2. That practice was formerly a system of rules made by the court, and even now our courts of record can make rules of practice not inconsistent with express law. In New York at one time the statute governing justices of the peace provided that a justice had the same power as to hearing, trying and determining causes as courts of record. Certainly those words are as broad as the words " provisions. . . . . relative to practice, pleading and trial," found in our section 804. It was held, however, that such courts could not

set aside a judgment by default. (See *People* v. *Lynde,* 8 Cow. 133.) Under the same statute it was held that although a court of record could correct a mistake in a judgment entered, that a justice of the peace could not do so. (See *People* v. *Delaware Com. Pleas,* 18 Wend. 558.)

II. An inspection of section 116 will show that it really provides for the vacation of a judgment: 1. During the term at which the judgment was rendered. 2. Within five months after the adjournment of the term. We insist that there is no term for a court of a justice of the peace, during which a judgment could be made, and there would be no time from which the five months could commence to run. Again, the granting of such an order by a district court can be appealed from, and reversed for abuse of discretion. But a similar order made by a justice of the peace would be (as appellant says) "as impregnable as granite," because any appeal taken to the district court, after a trial had on such an order, could result only in a trial *de novo,* and moreover the only appeal given is from a judgment. We refer to the reasoning in *Foster* v. *Hauswirth,* 5 Mont. 566, as peculiarly applicable to this cause.

HARWOOD, J. The question of law brought up for determination in this case is whether or not a justice of the peace has power to set aside a default and judgment entered thereon in his court, and permit a defense to be interposed, upon timely application, showing sufficient grounds therefor.

The facts which gave rise to this question originated in the court of Charles F. Gage, justice of the peace of the city of Helena, within and for Lewis and Clarke county, as follows: In said cause pending before said court, the default of defendants for want of answer, and judgment, were entered against them at 7:30 P. M., June 11, 1892; that on the same day, three and one-half hours after the entry of said default and judgment, defendants appeared and filed a verified answer, containing denials, whereby issues were raised, and also alleging affirmative matter, which, if true, would constitute a meritorious defense to plaintiff's cause of action; and having at the same time given notice to plaintiff's counsel, who appeared, defendants moved the court to set aside said default

and judgment, predicating their motion upon the ground of "mistake, surprise, inadvertence, and excusable neglect." This was accompanied by affidavits showing facts which are conceded to be sufficient to support the motion in case the justice possessed jurisdiction to entertain it. Plaintiff thereupon moved the court to strike said motion from the files, on the ground that the justice had no jurisdiction to entertain such motion, or to set aside said default and judgment; and at the same time notified the justice that plaintiff did not wish to be heard on the merits of said motion. Thereupon the motion was submitted to the court, and the justice admits (in his answer to this proceeding) that, believing he had jurisdiction to entertain said motion, "under the provisions of section 733, 804, and 116, division 1, of the Compiled Statutes, and generally under the laws and decisions of this state," he intended to act upon the same. But it appears that at this juncture plaintiff's counsel procured from the district court within and for said county a writ of prohibition, commanding said justice of the peace "to refrain from hearing a motion to set aside a default and judgment" entered in said action. On the hearing of said proceeding for prohibition the district court ordered the same to be made final, whereupon this appeal from that determination was prosecuted.

There appears to be no direct provision in title 18, division 1, of the Compiled Statutes, sometimes called the Justices' Code, authorizing a justice of the peace to set aside or vacate the entry of default against a defendant, and the judgment entered thereon, and allow a defense on the merits to be interposed. But it is prescribed in section 804 of said title that the provisions of the General Code of Civil Procedure "in relation to parties to actions in the district courts, and relative to practice, pleading, and trial, shall, so far as the same are applicable, and do not conflict with this title, be observed in justices' courts." By virtue of that provision the justice of the peace in the case above mentioned concluded that section 116 of the Code of Civil Procedure was applicable to his court, and that thereby he was authorized to entertain said motion for such ruling as the facts warranted. Section 116 provides, among other matters, that "the court may likewise, upon affidavit

showing good cause therefor, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in any other particular; and may, upon like terms, allow an answer to be made after the time limited by this act; and may, upon such terms as may be just, and upon payment of costs, relieve a party, or his legal representatives, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

Our consideration of this question has led to the conclusion that the justice of the peace was proceeding according to his jurisdiction, as prescribed by law, when his action was arrested by the writ of prohibition. ¯Respondent's counsel evidently admits that the intention of the legislature, as shown in section 804 of the Code of Civil Procedure, was that the provisions of the Code of Civil Procedure should govern and "be observed in justices' courts" in "so far as the same are applicable and do not conflict with" the special provisions of the Justices' Code; nor does it appear to be contended that there is any conflict or inapplicability of the provision of the code cited as authority for the justice to entertain and pass upon said motion. But counsel for respondent argues that section 804 only makes the provisions of the General Code "relative to practice, pleading, and trial" applicable to the justices' court, and contends that the question here does not relate to practice, pleading, or trial, but to the jurisdiction or power of the justice to do a certain thing; that the opening of a default on a sufficient showing of grounds, as provided in section 116 of the code, is an exertion of judicial power, not within the realm of practice, pleading, or trial, and therefore the justice cannot invoke that section as authority for entertaining the motion in question. We think that we fully comprehend the distinction urged, but conclude that it is entirely inapplicable to the point under consideration. Nor do we find that the various citations of counsel for respondent support his contention that an application to the court to vacate a default, and the hearing and order of the court thereon, is a matter not included within the clause, "practice, pleading, and trial," as used by the framers of the code. Nor do we concur in the affirmative argument that

there is an entire disconnection between "power" and "practice," as pertaining to statutory provisions directing or commanding certain procedure of a court upon the showing of certain facts in the course of an adjudication. It is, of course, true, and is not otherwise contended, that the justice of the peace, as well as all courts, must administer law, and adjudicate upon cases within their jurisdiction. The case in question, as well as the parties thereto, were within the jurisdiction of the justice. That court therefore had power over the case to adjudicate and determine the controversy and execute its judgment, proceeding in the manner prescribed by law. Now, if the statute provided that the justice "may" or "shall" proceed thus and so, upon the showing of certain facts, or the happening of certain events pertaining to the cause, in the course of its adjudication, determination, and execution of the judgment, we think it would be quite hard to maintain that such action of the justice had no relation to the "practice" therein, according to the common understanding and acceptation of those terms, as applied to the proceedings of courts. And again, where the statute does provide that, in relation to practice in the course of adjudicating and enforcing rights or redressing wrongs, the court, in view of certain facts occurring and shown, "shall" or "may" proceed thus and so, we do not think it can be maintained that the court has no authority to do the thing prescribed.

It has been held in many jurisdictions that an appeal from a judgment taken by default would be of no avail, because the judgment is in the nature of one confessed. If it should be so held here, and, further, that the justice was powerless to relieve from a judgment taken by default, on timely application and sufficient showing, there would be no remedy at all, whatever disaster or uncontrollable circumstance may have prevented defendant from appearing within time. Such a situation does not prove that there are statutory provisions authorizing the justice to vacate a default. But where statutory provisions have been inserted, directing the justice to look to the General Code for guidance where the Justices' Code is silent, we think such considerations as just suggested have some bearing to indicate whether our constructions tend towards a heathful

interpretation in favor of natural right (Code Civ. Proc., § 638), or whether the interpretation tends to destroy the spirit. While the point under consideration may not have been directly involved in *Gage* v. *Maryatt,* 9 Mont. 265, and in *Pincus* v. *Dowd,* 11 Mont. 88, still the treatment in those cases shows a view in harmony with this. We hold that both within the spirit and the letter of the statute the justice of the peace had authority in the premises to entertain the motion for such ruling as the showing warranted.

The order of the district court granting prohibition will be reversed, and the proceeding remanded, with directions to dismiss the same.

*Reversed.*

PEMBERTON, C. J., concurs. DE WITT, J., concurs in the result.