[No. 898. Decided December 30, 1893.]

W. GABRIEL, *Respondent*, v. SEATTLE AND MONTANA RAILWAY COMPANY, *Appellant*.

APPEAL — AMOUNT IN CONTROVERSY — REDUCTION BY JUSTICE'S RULING — CERTIORARI.

The supreme court can acquire no jurisdiction by appeal over an action begun in a justice's court, where the amount in controversy as determined by the pleadings is $75, although the justice may have erroneously sustained a demurrer to a counterclaim for damages in the sum of $500, as *certiorari* is the proper remedy for reviewing the ruling of the justice upon the defense interposed.

*Appeal from Superior Court, Skagit County.*

*Burke, Shepard & Woods*, for appellant.
*D. H. Hartson*, and *Million & Houser*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was brought before a justice of the peace of Skagit county to recover the value of a cow killed by the defendant's train, the amount sued for being $75. The defendant interposed a defense, alleging negligence upon the part of the plaintiff in allowing his stock,

and especially the animal in question, to run upon the defendant's right-of-way, thus obstructing the passage of trains and exposing the employés and passengers of the company to great peril, and asked damages therefor in the sum of $500.

The plaintiff demurred to this defense upon the ground that it did not state facts sufficient to constitute a cause of action, and because the amount claimed therein was beyond the jurisdiction of a justice of the peace. The court sustained the demurrer, a trial was had, and judgment rendered for plaintiff in the sum of $75. A general appeal was taken by the railroad company to the superior court of said county. No application was made to said court for the privilege of filing other or new pleadings, but the defendant sought to introduce evidence under this defense which had been introduced in the justice's court to which the demurrer of plaintiff had been sustained as aforesaid. The court refused to allow evidence in support of this defense, and trial being had, judgment was rendered for the plaintiff in the sum of $50; whereupon the defendant appealed.

Respondent moves to dismiss the appeal upon the ground that the amount in controversy is less than $200, and we are of the opinion that this motion must be granted. The amount in controversy, as determined by the pleadings as they stand, is $75. Whatever the effect was or whatever rights defendant may have in introducing a defense in a justice's court which is beyond the jurisdiction of said court, as to offsetting the same or any portion of the damages proved thereunder against the claim of the plaintiff, this defense was disposed of in said court, and if defendant desired to review the ruling of the justice thereon he should have removed said cause to the superior court by *certiorari* proceedings, and not by taking a general appeal.

No proper steps were taken in the superior court to raise

any point over this question. An offer of evidence in support of a defense which had in effect been stricken out was insufficient for that purpose.

Dismissed.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.