[No. 1862.   Decided September 11, 1895.]

THE STATE OF WASHINGTON, *on the Relation of Pacific Coast Steamship Company*, v. THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR JEFFERSON COUNTY *et al.*

MANDAMUS TO SUPERIOR COURT — APPEAL FROM JUSTICE OF PEACE —
REVIEW OF JUDGMENT BY DEFAULT.

Mandamus will not lie to compel a superior court to take cognizance of an appeal from a judgment by default entered by a justice of the peace upon a complaint and notice personally served upon defendant, to which he had failed to plead.   (HOYT, C. J., dissents).

No appeal lies form a default judgment rendered by a justice of the peace, in a case where the complaint and notice has been personally served and when no reason exists preventing a determination in the justice's court upon the merits.

*Original Application for Mandamus.*

*Andrew F. Burleigh,* and *J. E. Lilly,* for relator.

*Morris B. Sachs,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This is an application for a writ of mandamus requiring the superior court of Jefferson county and the judge thereof to proceed to take cognizance of an appeal taken by the relator as defendant in an action commenced in the justice's court in said county, before J. A. Wood, Esq., a justice of the peace in which action the People's Market was plaintiff.

It appears from the record that complaint and notice were personally served upon the defendant in the

action prosecuted in the justice's court; that upon the return day, the defendant therein by its attorney, appeared and filed an affidavit and application for a continuance for a period of four weeks, for the purpose of procuring the presence of material witnesses necessary to its defense of said action; that said application for a continuance was denied by the justice; that thereupon for want of an answer or other pleading upon the part of the defendant, judgment was given and made by said justice in favor of the plaintiff therein against the defendant, for the sum demanded in the complaint; that from said judgment, defendant appealed to the superior court of said Jefferson county and in said court applied for leave to serve and file an answer in said cause, which application was denied and said appeal dismissed, for the reason (as appears by the return) that respondent "was powerless to permit any original answer to be filed in the superior court, where none had been filed in the justice court."

Sec. 1530, Code Proc., relating to civil actions in justices' courts, provides where a defendant has been served with a true copy of the complaint, judgment shall be given for the plaintiff for the sum specified in the complaint, without further evidence, "when the defendant fails to appear and plead at the time specified in the notice, or within one hour thereafter." Of this statute it was said in *McCoy v. Bell*, 1 Wash. 504 (20 Pac. 595):

"But the statute is imperative. He [defendant] must appear . . . within the hour. And when a defendant who has been served with a true copy of the complaint and notice, fails to *appear* and *plead* within the time specified in the notice, or within an hour thereafter, it is the duty of the court to enter up judgment without further proof or evidence. The court has no discretion or alternative. It is a duty enjoined

by the statute, and the plaintiff can demand it as a matter of right."

We do not decide that the justice could not, upon a proper showing, extend the time for filing an answer and grant a continuance for that purpose. That question is not here involved, as will hereinafter be made to appear.

It must be conceded that the defendant, although personally served with a copy of the complaint in the action before the justice, failed to plead, and that the judgment from which it attempted to appeal to the superior court, was a judgment by default, and we think that the contention of the relator that said judgment was improperly granted, could not be reviewed by the superior court on a general appeal, but should have been brought to that court by *certiorari* proceeding.

Sec. 1621, Code Proc., provides:

"If any person shall conceive himself injured by error in any process, proceeding, judgment, or order given by *any justice of the peace* within this state; it shall be lawful for such person to remove such process, proceeding, judgment, or order to the superior court, as hereinafter provided."

This section afforded the relator an ample remedy for the correction of the error of the justice (if error it was) in overruling the application for a continuance, and rendering the judgment under the circumstances of the case. But the ruling of the justice in that regard could not be reviewed upon an appeal from the judgment under § 1630, Code Proc. No provision is made by statute in this state, for reviewing errors of law occurring before a justice of the peace in the trial of a civil cause, other than that provided by § 1621, *supra*.

It seems to us, that unless this right of appeal from

a default judgment belongs to every defendant, who may for any reason see fit to ignore the process of the justices' court, and decline to litigate therein those controversies which the legislature has invested that court with the power to hear and determine, it follows that the order of the superior court dismissing relator's appeal was rightful, and that the present application should be denied.

As a general proposition, it seems to be well settled that an appeal will not lie from a judgment by default. *Dorr v. Birge,* 8 Barb. 351; *Colden v. Knickerbacker,* 2 Cow. 31; *Minneapolis Harvester Works v. Hedges,* 11 Neb. 46 (7 N. W. 531); *Brayton v. County of Delaware,* 16 Iowa, 44; *Clendenning v. Crawford,* 7 Neb. 474; *People v. County Court of El Dorado,* 10 Cal. 19; *Long v. Sharp,* 5 Or. 438.

In the case last cited the court say:

" By the ruling of the justice of the peace, the answer, which had been filed by appellant in this case, had been stricken out and set aside; and the defendant, declining to further answer or plead, judgment was rendered against him as for want of an answer. . . . If any error was committed by the justice, it was an error of law, which could be most conveniently corrected by writ of review, where the court has authority to remand the cause for such further proceedings as the nature of the case and the ends of justice may require. . . . The judgment in this case was 'a judgment for want of answer;' and such a judgment as the lawmakers contemplated should be reviewed by writ of review, *and not by appeal to the circuit court.*"

The reasons for the rule are given by the supreme court of Nebraska in *Clendenning v. Crawford, supra,* in which case the court say:

" It seems clearly to be the legislative intent that actions in justices' courts must be tried upon the merits of both the claim of the one party and the defense of

the other, before an appeal shall be taken to the district court; and this rule seems to be reasonable and just, *for where the law establishes the court in which a party shall bring his action, the adverse party should not be allowed to disregard the process of such court, and then select the forum of his own choice in which the cause shall be first tried upon the merits of the case.* If such a practice were permitted, it would defeat the main object for which the justices' courts were established, namely, the trial and disposal of causes or controversies with the least possible expense to the parties, where the amount involved does not exceed one hundred dollars."

In *People v. County Court of El Dorado, supra,* the court say:

" In this case, the defendant, by his default, admitted the facts alleged in the complaint. There being no *issue* of fact, the facts were conceded, and the justice could commit no error as to them; and as the justice could commit no error as to the facts conceded, there could be no appeal from his judgment in reference to the facts. The defendant having conceded the facts to be true as alleged, could not appeal against his own admission. . . . Our conclusion is, that in all cases the issue of fact must be made in the court of original jurisdiction."

For the purposes of determining the motion in the superior court, to dismiss the appeal, and for present purposes, the ruling of the justice denying relator's application for a continuance must be presumed to have been proper, inasmuch, as has been already seen, *it could not be reviewed upon appeal;* and when so considered, this proceeding presents the sole question of the right to appeal from a default judgment in a case where personal service of the complaint is had, and no reason exists preventing a determination in the justice's court upon the merits.

Upon the authority of the cases above cited (not-

withstanding that a difference exists between the statutes of some of the states from which these cases are cited and our own, upon the subject of appeals), and the sound sense of the rule, which we think is established by them, it must be held that no appeal will lie. In such a case the defendant "voluntarily suffered judgment to be entered . . . by default, and from such judgment for manifest reasons a direct appeal will not lie." *Port v. Parfit*, 4 Wash. 369 (30 Pac. 328).

We think, too, that the ruling of the superior court in this case is supported by the authority of *Gabriel v. Seattle & Montana Ry. Co.*, 7 Wash. 515 (35 Pac. 410), in which this court said:

"Whatever the effect was or whatever rights defendant may have in introducing a defense in a justice's court which is beyond the jurisdiction of said court, as to offsetting the same or any portion of the damages proved thereunder against the claim of the plaintiff, this defense was disposed of in said court, and *if defendant desired to review the ruling of the justice thereon he should have removed said cause to the superior court by certiorari proceedings, and not by taking a general appeal.*"

Mandamus to the superior court will be denied, with costs.

ANDERS, SCOTT and DUNBAR, JJ., concur.

HOYT, C. J., dissents.