[No. 16211.   Department Two.   April 11, 1921.]

J. A. BENSON, *Appellant,* v. ROBERT BALLOU *et al.,*
*Respondents.*[1]

JUSTICES OF THE PEACE (19-1) — DEFAULT — OPENING OR SETTING
ASIDE. A judgment by default entered by a justice of the peace for
failure to appear and plead should not be set aside by the superior
court where, through negligence of one of the attorneys of defendant
who had knowledge of the default on the day of its entry, no written
notice of application to set aside the judgment was filed with the
justice within ten days after its entry, as required by Rem. Code,
§ 1858.

Appeal from a judgment of the superior court for
Klickitat county, Darch, J., entered April 6, 1920, sus-
taining defendants' demurrer to the plaintiff's com-
plaint. Affirmed.

*McGregor & Fristoe, E. C. Ward,* and *Geo. A. Brodie,*
for appellant.

*John R. McEwen,* for respondents.

TOLMAN, J.—This appeal is prosecuted by appellant,
who was plaintiff below, from a judgment of the su-
perior court of the state of Washington in and for
Klickitat county, entered on April 6, 1920, sustaining
the defendants' demurrer to the plaintiff's complaint.

The complaint sets forth in substance the following
state of facts:  On November 2, 1918, the respondent
Mary E. Seitzinger commenced an action against ap-
pellant in the justice court for Goldendale precinct,
Klickitat county, Washington, and summons duly is-
sued in said cause, returnable on November 22, 1918.
The summons was served personally upon appellant
in Klickitat county November 12, 1918. At the time of
the service, appellant was a resident of Benton county,

'Reported in 197 Pac. 46.

Washington, and returned to his home in that county immediately after being served, and upon his arrival home at once became ill and unable to attend to business, but immediately made arrangements with the firm of McGregor & Fristoe, attorneys practicing at Prosser, Washington, to represent him in said action, and obtain a continuance thereof, and to associate with them E. C. Ward, an attorney residing and practicing at Goldendale, Washington, the seat of said justice court.

On November 18, 1918, McGregor & Fristoe mailed to attorney Ward at Goldendale the papers which had been served upon appellant as defendant in the action before the justice of the peace, with authority to Ward to appear in court and procure a continuance until such time as appellant might recover from his illness, attend court, and make his defense. Before these papers were received in Goldendale, Mr. Ward left Goldendale for Yakima, and returned to Goldendale on November 22, 1918, in the afternoon or evening, received the papers referred to, and then learned that judgment had been rendered in the justice court against appellant, by default, earlier in the same day, for $72.80, and costs.

Immediately upon learning that judgment had been taken against appellant, Mr. Ward communicated with McGregor & Fristoe at Prosser, explaining to them his absence from Goldendale at the time of the arrival of the papers, and that judgment had been taken against appellant, by default, for failure to appear and answer. It is further alleged that, at the time these facts were communicated to McGregor & Fristoe, Mr. McGregor of that firm was absent from Prosser in attendance upon this court, and that, immediately upon his return to Prosser (the time of such return not being shown),

he began the preparation of affidavits for the purpose of having the judgment set aside and a new trial granted;

"But the earliest date after his return from Olympia as aforesaid, upon which he could prepare the affidavits for said purpose and mail the same to E. C. Ward at Goldendale, was the 4th day of December, 1918, and after the ten days had expired from the time said judgment was taken and entered, and the plaintiff herein was thereby prevented from securing a vacation of said judgment before said justice."

Assuming, without deciding, that this is a case which may properly be brought here on appeal, since that point is not raised nor discussed, still we think we cannot interfere with the judgment of the trial court.

Rem. Code, § 1858, provides that a justice of the peace, after entering a judgment by default for failure to appear and plead, shall have full power to set aside such judgment for good cause shown, and upon proper terms, upon five days' written notice served and filed within ten days after the rendition of the judgment. Here the attorney for appellant residing at Goldendale is shown to have had knowledge of the situation on the very day the judgment was entered in the justice court, and the allegations of the complaint fail to show a sufficient excuse for a timely application to the justice of the peace to set aside the judgment.

"Equity will refuse to relieve a party against a judgment which results from his own negligence and carelessness in failing to plead or defend the original action, or otherwise to watch over, protect, and assert his rights in that proceeding, or where he has negligently omitted, having full knowledge of the facts, to apply in due season for such remedies as were open to him by appeal or writ of error, by motion for a new trial, or by proceedings to vacate the judgment." 25 Cyc. 980.

It cannot be presumed that, notwithstanding appellant's illness, his attorneys, or one of them, being on the very day the judgment was entered in possession of the papers and having knowledge of the facts and presumably supplied with affidavits thought to be sufficient, if presented in time, to obtain a continuance, could not have made an application to set aside the judgment within the statutory time, especially as there is no attempt to allege any facts tending to show that the later absence of Mr. McGregor from his place of business in Prosser, in any manner prevented his partner in Prosser from directing Mr. Ward of Goldendale to proceed in the matter within the statutory time.

The judgment appealed from is affirmed.

PARKER, C. J., MITCHELL, MAIN, and MOUNT, JJ., concur.