588

[No. 370-41326-1.    Division One—Panel 2.    November 9, 1970.]

H. L. STEINER ORGANIZATION, INC., *Respondent*, v. JAMES H. GLENN *et al.*, *Appellants.*

Jack *Steinberg*, for appellants.

*Samuel J. Steiner*, for respondent.

WILLIAMS, J.—The sole question presented to this court is whether an appeal will lie to the superior court from a default judgment entered in justice court pursuant to JCR 55.

H. L. Steiner Organization, Inc., commenced action upon an open account in the amount of $247.89 against James H. Glenn and wife in the district justice court of King County. The defendants appeared by counsel and entered a general denial. By agreement of counsel, the case was set for trial. When neither defendants nor their counsel appeared, the court entered a default judgment against them as prayed for in the complaint. Their appeal to the superior court was dismissed by summary judgment for the single reason that an appeal does not lie from a default judgment entered in a district justice court. Defendants' appeal to this court followed.

Washington State Constitution article 4, sections 6 and 10 (amendment 28), place exclusive original jurisdiction of a suit of this type and amount in justice court and appellate jurisdiction in superior court. Appellants may not defeat this constitutional investment of exclusive original jurisdiction in justice court by the simple expedient of not

attending upon or being represented at the trial. The justice court was established for the purpose of disposing of controversies with the least possible expense to the parties. Its watchword is "to secure the just, speedy, and inexpensive determination of every action." JAR 2. A defendant should not be permitted to disregard the process of that court and select a different (and more expensive) forum. *State ex rel. Pac. Coast S. S. Co. v. Superior Court*, 12 Wash. 548, 41 P. 895 (1895).

This is not to say that the regularity or propriety of the entry of the default judgment cannot be reconsidered or reviewed. The first remedy open to a party against whom a default judgment has been taken is provided by JCR 55, which, upon proper notice, gives the justice court full power to set aside a default judgment. *Benson v. Ballou*, 115 Wash. 324, 197 P. 46 (1921). An order denying the motion to set aside the judgment is then subject to review by certiorari, whereby the appellate (superior) court may review any issue raised concerning the entry of the default and, if appropriate, remand the case for trial upon its merits. RCW 7.16.

The judgment is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.

Petition for rehearing denied January 14, 1971.

Review denied by Supreme Court March 26, 1971.