[No. 7327.   Decided August 1, 1908.]

THE STATE OF WASHINGTON, *on the Relation of J. G.
Wolfe, Respondent,* v. JOHN PARMENTER, *as
County Assessor, Appellant.*[1]

STATUTES—TITLES AND SUBJECTS—TAXATION. The title of an act
"relating to revenue and taxation" is sufficiently broad to include
provisions exempting certain property from taxation.

SAME—AMENDMENTS—ERRONEOUS REFERENCE—EFFECT. Where the
title of an act is declared to be one amending a specified former law
"relating to revenue and taxation," while the law referred to relates
to mining claims, the reference to the law is to be taken as a clerical
error and surplusage; and the act being a clear treatment of the sub-
ject of revenue and taxation, is valid without reference to the law
amended, as an independent act amending existing statutes by im-
plication.

TAXATION—PROPERTY SUBJECT—CREDITS—MONEYS. Mortgages, ac-
counts, certificates of deposit, judgments, state, county and municipal
bonds and warrants, may all be classed as "credits" in the listing of
property for taxation, but "moneys" cannot be so classed.

SAME—EXEMPTION OF CREDITS—EQUALITY. "Credits" are not prop-
erty within Const. art. 7, §§ 1 and 2, requiring all property to be
taxed in proportion to its value by uniform laws, "provided that a
deduction of debts from credits may be authorized," and Laws 1907,
p. 69, § 1, exempting the same is valid; since the total actual value of
all property in the state may be taxed once without the taxation of
credits and the taxation of credits would constitute double taxation,
and any method which reasonably comprehends the taxation of all
property once and avoids double taxation is within the requirements
of the constitution (FULLERTON, J., dissenting).

SAME. The proviso to Const. art. 7, § 2, that debts may be de-
ducted from credits in the assessment of property for taxation does
not recognize credits as property within the requirement of the sec-
tion that all property be taxed; inasmuch as the main subject of the
action is the requirement of uniform taxation, and credits cannot be
assessed without double taxation (FULLERTON, J., dissenting).

SAME—EXEMPTION OF MONEYS. Laws 1907, p. 69, § 1, exempting
"moneys" from taxation, violates the constitutional requirement that
all property be taxed.

[1]Reported in 96 Pac. 1047.

STATUTES—PARTIAL INVALIDITY—EFFECT. The unconstitutionality of Laws 1907, p. 69, § 1, in so far as it exempts moneys from taxation does not affect the constitutionality of its other provisions exempting credits.

MANDAMUS—PLEADING—GENERAL DEMURRER—APPEAL — DECISIONS —COSTS. A general demurrer to a petition in mandamus to compel the listing of moneys and credits for taxation is properly overruled, since the petition states a cause of action as to "moneys"; but entry of judgment as demanded is error, and should be reversed as to the "credits," with costs to the appellant.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered March 6, 1908, upon overruling a demurrer to the petition, granting a writ of mandate to require the listing of property for the purpose of taxation. Modified.

*C. A. Pettijohn*, for appellant.

*Martin & Wilson* (*J. E. Frost*, of counsel), for respondent. The constitutional provisions are mandatory. *Healy Lumber Co. v. Morris*, 33 Wash. 490, 74 Pac. 681, 99 Am. St. 964, 63 L. R. A. 820. The legislature has no authority to exempt any property from taxation. *State ex rel. Chamberlin v. Daniel*, 17 Wash. 111, 49 Pac. 243. The act is void because the subject is not expressed in the title. *Copland v. Pirie*, 26 Wash. 481, 67 Pac. 227, 90 Am. St. 769; *Lewis v. Dunne*, 134 Cal. 291, 66 Pac. 478, 86 Am. St. 257, 55 L. R. A. 833; *Harland v. Territory*, 3 W. T. 131, 13 Pac. 453; *State v. Southern R. Co.*, 115 Ala. 250, 22 South. 589; *State ex rel. Graham v. Tibbets*, 52 Neb. 228, 71 N. W. 990, 66 Am. St. 492; *State ex rel. Douglas County v. Cornell*, 54 Neb. 72, 74 N. W. 432; *State ex rel. Scott v. Bowen*, 54 Neb. 211, 74 N. W. 615; *State ex rel. Comstock v. Stewart*, 52 Neb. 243, 71 N. W. 998. The term "property" means everything of exchangeable value. *In re Tiburcio Parrott*, 1 Fed. 481; *Slaughter-House Cases*, 16 Wall. 36, 21 L. Ed. 394; *Harbison v. Knoxville Iron Co.*, 103 Tenn. 421, 53 S. W. 955, 76 Am. St. 682, 56 L. R. A. 316; 6 Words & Phrases,

p. 5698; *Adams v. Jones*, 59 N. C. 221; *Sansbury v. State*, 4 Tex. App. 99; *State v. Carson City Sav. Bank*, 17 Nev. 146, 30 Pac. 703; *People v. Worthington*, 21 Ill. 171, 74 Am. Dec. 86; *Exchange Bank of Columbus v. Hines*, 3 Ohio St. 1; *McCurdy v. Prugh*, 59 Ohio St. 465, 55 N. E. 154; 27 Am. & Eng. Ency. Law (2d ed.), 637; 1 Cooley, Taxation, p. 645. The proviso permitting a deduction of debts from credits shows clearly that the framers of the constitution considered the question of debts and credits, and that they intended to include credits in the term "property", and as such, to compel its taxation. Const. art. 7, § 2; 2 Lewis, Sutherland Stat. Construction, p. 672. The question now before the court in this case was squarely passed upon by the supreme court of Utah in *Judge v. Spencer*, 15 Utah 242, 48 Pac. 1097. See, also, *State v. Armstrong*, 17 Utah 166, 53 Pac. 981, 41 L. R. A. 407, and *State v. Carson City Sav. Bank*, *supra*, which contains perhaps the ablest and most exhaustive discussion of the question at bar in which *People v. Hibernia Sav. & Loan Society*, 51 Cal. 243, 21 Am. Rep. 704, is disapproved.

The argument by which it is attempted to be shown that notes, bills, bonds, stocks, etc., are not property, is too sublimated and metaphysical to be practical in matters of legislation. *Alabama Gold Life Ins. Co. v. Lott*, 54 Ala. 505; *New Orleans v. Mechanics & Traders' Ins. Co.*, 30 La. Ann. 876, 31 Am. Rep. 232. The statute violates the requirement of uniformity. · 1 Cooley, Taxation, 357; *Pullman State Bank v. Manring*, 18 Wash. 250, 51 Pac. 464.

*James B. Howe* and *R. G. Sharpe*, amici curiae. The constitutional provision exempting the property of the United States, of the state, counties, school districts, and municipal corporations and "such other property" as the legislature may by general laws provide, is restricted to other property of the same general class, i. e., public or quasi public property; no other can be exempt from taxation. Const. art. 7, §§ 1, 2; *State ex rel. Chamberlin v. Daniel*, 17 Wash. 111,

49 Pac. 243; *Buchanan v. Bauer*, 17 Wash. 688, 49 Pac. 1119; *Pullman State Bank v. Manring*, 18 Wash. 250, 51 Pac. 464. A constitutional provision that all property shall be subject to taxation except certain exempted kinds therein enumerated, amounts to a prohibition against exempting other property. *Fletcher v. Oliver*, 25 Ark. 289; *Mackay v. San Francisco*, 113 Cal. 392; 45 Pac. 969; *Morrison v. Larkin*, 26 La. Ann. 699; *Trustees v. McConnel*, 12 Ill. 138; *Minturn v. Hays*, 2 Cal. 590, 56 Am. Dec. 366; *People v. Eddy*, 43 Cal. 331, 13 Am. Rep. 143; *Chesapeake & Ohio R. Co. v. Miller*, 19 W. Va. 408; *State v. Armstrong*, 17 Utah 166, 53 Pac. 981, 41 L. R. A. 407; *Crocker v. Scott*, 149 Cal. 575, 87 Pac. 102; *Charlotte Bldg. & Loan Ass'n v. Commissioners of Mecklenburg County*, 115 N. C. 410, 20 S. E. 526. The legislature cannot by an attempted definition of the word "property" exempt from taxation any form of property which the constitution intended should be taxed. *State v. Armstrong, supra*. The expression "property" as used in the constitutional provision cited, includes mortgages, and an attempt on the part of the legislature to exempt the same is void. *Judge v. Spencer*, 15 Utah 242, 48 Pac. 1097; *State v. Carson City Sav. Bank*, 17 Nev. 146, 30 Pac. 703; *Stebbins v. Stebbins*, 86 Mich. 474, 49 N. W. 294. Notes, accounts, certificates of deposit and tax certificates are "property" within the meaning of the term as used in the above constitutional provisions. 6 Words and Phrases, pp. 5703, 5717, and cases cited; *Kingsley v. Merrill*, 122 Wis. 185, 99 N. W. 1044, 67 L. R. A. 200; *Manning v. Berdan*, 132 Fed. 382; *State ex rel. Louisiana Imp. Co. v. Board of Assessors*, 111 La. 982, 36 South. 91; *State v. Carson City Sav. Bank, supra; People v. Hibernia Sav. & Loan Society*, 51 Cal. 243, 21 Am. Rep. 704; *People v. Eddy*, 43 Cal. 331, 13 Am. Rep. 143; *People v. McCrerry*, 34 Cal. 432. The expression "property" as used in the constitutional provisions referred to includes state and municipal bonds and warrants. *Bork v. People*, 91 N. Y. 5; *People ex rel. Manhattan Fire*

*Ins. Co. v. Board of Com'rs,* 76 N. Y. 64; *State Nat. Bank v. Memphis,* 116 Tenn. 641, 94 S. W. 606, 7 L. R. A. (N. S.) 663. Laws exempting property from taxation are to be strictly construed. 45 Am. Dig. 565; *Thurston County v. Sisters of Charity,* 14 Wash. 264, 44 Pac. 252; *Sindall v. Baltimore,* 93 Md. 526, 49 Atl. 645; *Sisters of Charity v. Corey* (N. J.), 65 Atl. 500; *Schley v. Lee* (Md.), 67 Atl. 252; *Judge v. Spencer, supra; Wallace v. Board of Equalization,* 47 Ore. 584, 86 Pac. 365. The case of *State ex rel. Chamberlin v. Daniel, supra,* is *stare decisis* so far as this state is concerned on the proposition that the legislature has only the power to exempt public and quasi public property from taxation, and ought not to be deviated from unless grave necessity exists therefor. *State ex rel. Atkinson v. Ross,* 43 Wash. 290, 86 Pac. 575; *State ex rel. Hyland v. Peter,* 21 Wash. 243, 57 Pac. 814; *Kinkade v. Witherop,* 29 Wash. 10, 69 Pac. 399; *McDonald v. Davey,* 22 Wash. 366, 60 Pac. 1116. Double taxation is not uncontitutional unless expressly prohibited by the constitution itself, and is not prohibited by our constitution. *Pacific Nat. Bank of Tacoma v. Pierce County,* 20 Wash. 675, 56 Pac. 936; *Ridpath v. Spokane County,* 23 Wash. 436, 63 Pac. 261; *Lewiston Water & Power Co. v. Asotin County,* 24 Wash. 371, 64 Pac. 544. The fact that there has been on the statute books a law exempting mortgages from taxation, is not an argument in favor of the validity of such exemption. *Wallace v. Board of Equalization, supra.* As the constitution expressly authorizes "a deduction of debts from credits," the taxation of credits was intended. Const. art. 7, § 2; *Pullman State Bank v. Manring, supra.*

*J. H. Easterday, Peters & Powell,* and *Hudson & Holt, amici curiae.* The requirements of uniformity, equality, and justness cannot be fully met. *Lewiston Water & Power Co. v. Asotin County,* 24 Wash. 371, 64 Pac. 544; *Ridpath v. Spokane County,* 23 Wash. 436, 63 Pac. 261. Nothing can

be added to the wealth of the state by the multiplication of credits. *People v. Hibernia Sav. & Loan Society*, 51 Cal. 243; *Savings & Loan Society v. Austin*, 46 Cal. 415. The constitutional requirement of equality and uniformity only extends to such objects of taxation as the legislature shall determine to be properly subject to the burden. Cooley, Constitutional Limitations (7th ed.), p. 742. Taxes are both "equal and uniform" when no class of persons are taxed at a higher rate than are other persons in the same district, upon the same value or thing. *Norris v. Waco*, 57 Texas 635; *Daily v. Swope*, 47 Miss. 367. In the absence of constitutional restrictions, the legislature may create exemptions. 12 Am. & Eng. Ency. Law (2d ed.), p. 272. Where the legislature has clearly intended to create an exemption, the validity of that act must be assumed. 12 Am. & Eng. Ency. Law (2d ed.), 274. The court admits in the *Chamberlin* case that it is within the legislative power and jurisdiction to exempt certain classes of property, although they do not strictly come within the rule of *ejusdem generis* announced in that case. Page 122 of *State ex rel. Chamberlin v. Daniel*, 17 Wash. 111, 49 Pac. 243. The strict rule of construction applied to statutes does not apply to constitutions. Endlich, Interpretation of Statutes, § 526. State, county and municipal bonds, and warrants, the highest forms of credits, have long been considered subjects for express exemption from taxation even where, under constitutions, it was expressed that "all property, real and personal," is subject to taxation. *State ex rel. Daponte v. Board of Assessors*, 35 La. Ann. 651; *Miller v. Wilson*, 60 Ga. 505; Judson, Taxation, p. 72, par. 72; Opinions of the Attorney General, 1905, p. 232, 234; 1891, vol. 1, p. 59; *First Nat. Bank of Aberdeen v. Chehalis County*, 6. Wash. 64, 32 Pac. 1051; *Puget Sound Nat. Bank of Seattle v. Seattle*, 9 Wash. 608, 38 Pac. 219. In case of doubt in the construction of the constitution, resort may be had to the context, and weight given contemporaneous legislative construction. *People ex rel. Badger v.*

*Loewenthal,* 93 Ill. 191; Sedgwick, Statutory and Const. Law, 412; *People v. Green,* 2 Wend. 266, 274; *People ex rel. Livesay v. Wright,* 6 Colo. 97. In doubtful cases the doubt should be in favor of legislative power. *Bunn v. People ex rel. Laflin,* 45 Ill. 397. Especially when the legislative construction has been given to the constitution by those who framed its provisions and contemporaneous with its adoption. Sedgwick, Treatise on Statutory and Constitutional Law, p. 482. *Cordova v. State,* 6 Tex. C. A., 207, 445; *Collins v. Henderson,* 74 Ky. 74; *United States v. Moore,* 95 U. S. 760, 24 L. Ed. 588. The practical construction of the constitution, which has been adopted and followed in good faith by the legislature and people for many years, should have great weight with the courts. 10 Century Digest 15; *City of Faribault v. Misener,* 20 Minn. 401. Even if the act should be unconstitutional as to some subjects of property, it would not for that reason be invalid as to the rest. *State v. Poole,* 42 Wash. 192, 84 Pac. 727; *State ex rel. Matson v. Superior Court Skagit County,* 42 Wash. 491, 85 Pac. 264; *Nathan v. Spokane County,* 35 Wash. 26, 76 Pac. 621, 102 Am. St. 885, 65 L. R. A. 336; *Pullman State Bank v. Manring,* 18 Wash. 250, 51 Pac. 464. Clerical errors in titles to amendatory acts are immaterial, provided the court can determine with certainty the statute, section or law intended to be revised. *Madison etc. Plankroad Co. v. Reynolds,* 3 Wis. 287; *Penberthy v. Lee* (Iowa), 8 N. W. 116; *State v. McCracken,* 42 Tex. 383; *School Directors of District No. 5 v. School Directors of District No. 10,* 73 Ill. 249; *Clare v. State,* 68 Ind. 17; *Citizens' Street R. Co. v. Haugh,* 142 Ind. 254, 41 N. E. 533; *Pue v. Hetzell,* 16 Md. 539; *The Borrowdale,* 39 Fed. 376.

HADLEY, C. J.—This action was instituted in the superior court of Lincoln county, and it is in the nature of an action in mandamus to require the assessor of that county to list for taxation purposes, for the year 1908, mortgages, notes, ac-

counts, moneys, certificates of deposit, tax certificates, judgments, bonds, and warrants.  In terms the petition asks for a writ of prohibition to prohibit the assessor from allowing the above-mentioned items to become exempt from taxation; but in effect the relief sought is affirmative and in the nature of mandamus.  The assessor demurred to the petition, on the ground that it does not state facts sufficient to authorize the issuance of a writ.  The demurrer was overruled, and in the absence of further pleading, judgment was entered commanding the assessor to list and assess all the items specified above. The assessor has appealed.

It is urged in support of the demurrer that it was the duty of appellant to refuse to list the items mentioned, by reason of the act of the legislature as found in chapter 48, at page 69 of the session Laws of 1907.  Section 1 of that act is as follows:

"That section 3 of 'Chapter LXXXIII of the Laws of 1897, amended June 12, 1901, is hereby amended to read as follows: Sec. 3.  Personal property, for the purpose of taxation, shall be construed to embrace and include, without especially defining and enumerating it, all goods, chattels, stocks or estates; all improvements upon lands, the fee of which is still vested in the United States, or in the State of Washington, or in any railroad company or corporation, and all and singular of whatsoever kind, name, nature and description, which the law may define or the courts interpret, declare and hold to be personal property, for the purpose of taxation, and as being subject to the laws and under the jurisdiction of the courts of this state, whether the same be any marine craft, as ships and vessels, or other property holden under the laws and jurisdiction of the courts of this state, be the same at home or abroad: *Provided,* That the ships or vessels registered in any custom house of the United States within this state, which ships or vessels are used, exclusively in trade between this state and any of the islands, districts, territories, states of the United States, or foreign countries, shall not be listed for the purpose of or subject to taxation in this state, such vessels not being deemed property within this state: *Provided,* That mortgages, notes, accounts, moneys,

certificates of deposit, tax certificates, judgments, state, county, municipal and school district bonds and warrants shall not be considered as property for the purpose of this chapter, and no deduction shall hereafter be allowed on account of an indebtedness owed."

It will be seen that the effect of the closing proviso of the section is to exempt from taxation the items there enumerated. If, therefore, the statute is a valid one, the appellant did his duty; but if it violates constitutional limitations, the judgment of the court was right. The constitutionality of the statute is the only question involved in this appeal.

It is contended that the act is invalid because of insufficiency of the title. The title is as follows:

"An act amending an act entitled, 'An act to amend section 3, of chapter LXXXIII of the Laws of 1897, relating to revenue and taxation,' passed the senate and the house June 12, 1901, notwithstanding the veto of the governor, and declaring an emergency."

If it is necessary to pay strict regard to everything contained in this title, then it is singularly involved. Reference to chapter 83 of the Laws of 1897, to which the title refers as the law amended by this act, discloses that it treats of monuments and notices upon mining claims. It is manifest that the reference to the former statute is a pure error, as the two acts relate to subjects entirely separate and distinct. This title does however further state the subject as "relating to revenue and taxation," and the body of the act clearly and succinctly treats of that subject alone. The subject of exemption from taxation treated in the body of the act is included in the general subject specified in the title. We think the erroneous reference to the former statute must be treated as mere surplusage, and inasmuch as without that part of the title there is a clearly stated and single subject which is followed by a clear treatment of that subject in the act itself, the statute becomes an independent one and has the effect of amending any existing statute upon the subject and of re-

pealing by implication any previously existing provisions in conflict with it. We therefore hold that the act is not invalid by reason of its title.

It is further urged that the act violates §§ 1 and 2 of art. 7 of the state constitution. Section 1 contains, among other things, the following:

"All property in the state not exempt under the laws of the United States or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law."

Section 2 is in part as follows:

"The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money, and shall prescribe such regulations by general law as shall secure a just valuation for taxation of all property, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property: *Provided*, That a deduction of debts from credits may be authorized."

It is argued that the exemption of the items mentioned in the statute violates the constitutional provision of § 1 quoted above, which requires that all property in the state shall be taxed except such as is exempt under the laws of the United States or under the constitution of the state. It is contended that credits such as mortgages, notes, and accounts, are property and cannot be excluded by the legislature from the subjects of taxation. The argument assumes that all property in the state cannot be taxed without the taxation of credits Is the assumption correct? The constitution simply requires — that all property shall be taxed, but the method of doing it is left to the legislature. If the method devised by the legislature reaches all property in fact, then there is no violation of the constitution. It is possible to assess the same property in different ways any one of which would subject the entire property to the tax. For example, one person may own the fee title to real estate and another may own an easement or a

leasehold therein. All of these are property, but it cannot be successfully maintained that all of them must be taxed in order to satisfy the constitution. The state taxes the land as an entirety and leaves the owners of the several interests to make such adjustments as they choose. The constitutional requirement that all property shall be taxed is certainly satisfied through a method by which the total of all wealth in the state is once taxed. Double taxation should be avoided as far as possible, and in any event the constitution should not be so construed as to require it. In an effort to tax all property it is, however, difficult to avoid double taxation in some particulars. The complexity of established business methods is such that property appears and then reappears in representative forms. The actual property of a corporation reappears in the hands of its stockholders in the shape of corporate stock. That the taxation of the corporate property and also of its capital stock amounts to double taxation was recognized by this court in *Lewiston Water & Power Co. v. Asotin County*, 24 Wash. 371, 64 Pac. 544. The court observed in that case as follows:

"But, as we have seen, the assessment of the capital stock of a domestic corporation which has all its property in which the capital stock is invested already assessed is duplicate taxation, and this latter result will not be inferred without specific legislation. It may be further observed that § 1676, Bal. Code, in providing the method for the assessment of domestic corporations such as this, does not contemplate duplicate taxation."

See, also, *Ridpath v. Spokane County*, 23 Wash. 436, 63 Pac. 261.

All the provisions of the constitution on the subject of taxation cannot be fully and literally met. For purposes of present consideration these provisions may be stated as follows: "All property" shall be taxed. The assessment shall be "uniform and equal," and a "just valuation" shall be placed upon all property, so that every person shall pay a tax in proportion to the value. No method of taxation in its

results can fully accomplish all that the constitution declares shall be done. As near an approach to a full compliance as is reasonably possible is all that can be expected of the legislature. One requirement of the constitution is as mandatory in its nature as another. It is just as imperative that taxation shall be uniform and equal upon all property as it is that all property shall be taxed. It is manifest that a system which subjects some property to double taxation is not uniform and equal. Any method which can be devised by the legislature must necessarily be defective in some particulars and must fail to meet with exactness every standard set by the constitution. Any method adopted by the legislature which reasonably comprehends the taxation of all property once in some form, and which seeks to accomplish uniformity by avoiding double taxation as far as possible, should receive judicial sanction, for the reason that the constitutional provisions are harmonized by such a method as fully as complete harmony thereunder can be accomplished.

It will be seen that the items specified by the statute of 1907 which shall not be considered as property for the purposes of assessment and taxation, may all be classified as "credits," except the item of "moneys." So far as credits are concerned, if it is demonstrable that the total wealth of the state can be once taxed without the taxation of credits in any form, we think the constitution is satisfied without the taxation of credits. The multiplicity of credits does not add to the property wealth of the state. If A buys of B a piece of real estate and agrees, by promissory note or otherwise, to pay $5,000 therefor, there is as a result in the hands of B a credit in the amount of $5,000, but there is not thereby created $5,000 more property or wealth. By the transaction the land has passed from B into the possession and control of A and is taxable the same as if it had remained with B. The credit in the hands of B is a matter of no value or consequence, except for the prospect or faith that A will in the future deliver to B $5,000 in actual money or other prop-

erty. That money or property that may in the future come to B is still in the hands of A or some one else from whom A will procure it; and it is meanwhile taxable at some place, wherever it may be, no matter who possesses it or controls it, whether within or without this state. The credit in the hands of B is simply the right to demand the delivery of $5,000 worth of property at some time in the future. To tax both this right and the property which it represents is clearly double taxation.

A similar illustration applies to a loan of money. At this point it is proper to remark that we think moneys cannot properly be classified with credits as is done in the statute of 1907. Money in practical commercial operations possesses such value by way of immediate purchasing or exchange powers as in effect robs it of a mere representative character and clothes it with the dignity of property having intrinsic value. We therefore think that the proviso in question must be held to be inoperative so far as money is concerned, since to exempt it from taxation would amount to a palpable effort to avoid the taxation of all property. Recurring now to the illustration as to a credit created by the loan of money, we will suppose that A borrows from B $5,000 in cash. A, instead of B, becomes the possessor of the money, and either it or its equivalent in other property which it purchases for A becomes taxable in the latter's hands. To tax the money in A's hands and also the mere right which B has to call upon A for its repayment is clearly double taxation. These illustrations it is believed should apply to all credits. Credits are in effect the mere legal right with which one is clothed to demand the delivery of money or other property in the future, and until such transfer of possession is made, that property is taxed wherever it may be. Thus the total actual property or wealth of the state may be once taxed without the taxation of credits, and the constitutional requirement is thereby fully met.

In *People v. Hibernia Bank*, 51 Cal. 243, 21 Am. Rep. 704, it was held, under constitutional provisions similar to ours, that credits are not property subject to taxation, within the meaning of the constitution which provides for the uniform taxation of all property in the state in proportion to its value. It is not necessary in order to sustain our statute of 1907 that it should be held, as was done in California, that the legislature cannot in its discretion provide for the taxation of credits. It is sufficient to say that the omission of credits from a scheme of taxation does not violate the requirement that all actual property shall be taxed. It is argued that *State ex rel. Chamberlain v. Daniel*, 17 Wash. 111, 49 Pac. 243, is decisive of this controversy in favor of respondent. The act there under consideration exempted from taxation in the hands of each person $500 of personal property and $500 of improvements upon land. It will be seen that the act exempted actual property, and its enforcement would have deducted a large amount from the aggregate of the actual property wealth of the state as not taxable, thus plainly violating the requirement that all property shall be taxed. We have seen that the statute under discussion in the case at bar does not prevent the taxation of the total wealth of the state once, but it does prevent double taxation by way of assessing credits. The case cited is therefore not in point upon the question presented here.

It is urged that the makers of our constitution must have intended to declare that credits are property which must be taxed, from the fact that § 2 of art. 7, *supra*, provides that "a deduction of debts from credits may be authorized." It is insisted that the above words are a clear constitutional recognition of credits as property. If, however, we should recognize the argument as forcible and should undertake to adopt it, we should at once be met with the requirement in the same section that all taxation shall be uniform and equal. We have seen that the taxation of credits violates uniformity and —

equality and effects double taxation. The great and principal subject treated in the section is that of uniformity and equality of taxation. It overshadows everything else, and whatever else is mentioned in the section is merely incidental to the main subject. Having reference to the main subject, it cannot be held that uniformity can be preserved if the constitution means that credits *must* be taxed. It is our duty to adopt such construction as will most nearly harmonize all provisions in the section, with the evident chief purpose sought to be accomplished.

With the mere policy of the statute, the courts have nothing to do, except in so far as the same may throw light upon the legislative intention. It may be stated in this connection, as a matter of common knowledge, that one of the most fruitful sources of inequality in taxation is the attempt to tax credits. Laws for that purpose can never be effectively enforced. Efforts to conceal the existence of the credits are so successful that a few honest persons pay the taxes and the large majority of holders do not. Moreover, in practical experience, the tax is not really paid by the holders of the credit, but it is paid by his debtor. When mortgages are taxed, the mortgagee seldom pays the tax, but the burden thereof is imposed upon the mortgagor by way of increased rates of interest or otherwise, and the same may be said as to increased rates of interest imposed upon borrowers generally. Such results cannot well be avoided, and doubtless the legislature had such considerations in mind as supporting the policy of this law. It was no doubt believed that all the wealth of the state can be once taxed without the taxation of credits, and that with the constitutional requirement as to taxation of all property thus satisfied, uniformity and equality can be the better effected and the abuses above mentioned largely corrected.

We therefore think, for the foregoing reasons, that the statute is not unconstitutional, except in so far as it attempts to exempt moneys from taxation. That, however, does not invalidate the other provisions, as has been often held. The

general demurrer was properly overruled, inasmuch as a cause of action was stated so far as listing of moneys is concerned, but the judgment should be modified so as to command the respondent to list all moneys for taxation, and further provide that all credit items mentioned in the statute of 1907 shall be excluded from the assessment lists. It is so ordered, and the cause is remanded with instructions to so proceed. The appellant shall recover the costs on appeal.

RUDKIN, DUNBAR, CROW, and MOUNT, JJ., concur.

FULLERTON, J. (dissenting)—I am compelled to dissent both from the conclusion and judgment in this case. The decision is rested, as I understand it, on three propositions: (1) that credits are not property; (2) that to tax credits violates the principle of equality and uniformity in taxation required by the constitution; and (3) that credits are taxed by the taxation of the tangible property of the state. As the questions decided are important, I feel justified in briefly stating the grounds of my dissent.

(1) The constitutional provisions on the subject of taxation appropriate to the questions before the court are set out in the majority opinion, and need not be reproduced here. A reading of them makes it at once manifest that it was the purpose and intent of the framers of the constitution, as well as that of the people who adopted it, to require for the purposes of revenue the taxation of all private property in the state, of whatsoever kind or nature, equally and uniformly, in proportion to its value in money. The language is explicit. It admits of no limitation or construction. "All property" is named, and the only exception provided for is that a deduction of debts from credits may be authorized. The questions therefore naturally arise what is meant by the word "property" and in what sense was the word used in the constitution?

That mortgages, notes, accounts, moneys, certificates of deposit, tax certificates, judgments, state, county, municipal

and school district bonds and warrants, are property in the general and popular sense of that term hardly admits of doubt. They are so termed and considered by all English-speaking people, by all law writers, and by the entire commercial world. They are held by the courts to be protected against spoliation and theft by the statutes which make it a crime to despoil or steal personal property. The question of ownership and title to them is daily the subject of controversy in the civil courts. They are daily the subject of barter and sale in all the marts of commerce. They have value in money, and constitute and make up the most satisfactory character of wealth that mankind possesses. In fine, they have all the attributes of property. These propositions are matters of common knowledge, and citations of authorities are not necessary to establish them.

That the word "property" was used in the constitution in its general sense seems to me also to be free from doubt. It is a cardinal rule of construction that the language of a state constitution, more than that of any other written instrument, is to be taken in its general and popular sense. The reason for the rule lies in the fact that its makers are the people who adopt it. Its language is their language, and its words have meaning as they commonly understand them. When, therefore, words are used which have both a general and a technical sense the former must prevail over the latter, unless the very nature of the subject-matter indicates, or the context suggests, that the technical sense was intended. In the sentence on which the word "property" is used in the constitutional provision quoted there is no attempt at definition. It is used without connection with any sentence or phrase which limits its meaning. Nor is there elsewhere any limitation upon its meaning. Indeed, there is no reason for concluding that the word was used other than in its general sense.

That the makers of the constitution had the right to provide for the taxation of credits, if they so desired, I think will be conceded. It will be conceded also that this could be done

by the use of general terms. Therefore, it being true that the obligations here enumerated are "property" in the general sense of that term, and it being true that the constitution makers used the term "property" in its general sense, it must follow that the constitution requires the taxation of these obligations.

But there is another reason more potent to my mind than even the foregoing, which shows that the framers of the constitution intended to provide for the taxation of credits by the use of the general term "property." They authorized the legislature, when providing the method of taxation, to allow a deduction of debts from credits. Clearly, if it had not been understood that credits were property and taxable as such, this deduction would not have been authorized.

(2) Does the taxation of credits violate the principle of equality and uniformity in taxation required by the constitution? The affirmative argument is, that to tax these obligations is double taxation. Thus it is said that if A loans B $5,000, and takes B's obligation to repay that sum, it is double taxation to tax the obligation in A's hand and the money in B's. But if this be true, and the obligation be property, I cannot understand how the rule of uniformity and equality is advanced by exempting the obligation. It seems to me that this but further confuses the matter. It cannot be said that the obligation is doubly assessed. If any property is doubly assessed it is the money, and to exempt the obligation exempts the wrong thing. But it is not sound for another reason. When A, the money loaner, loans to B, the borrower, $5,000, and takes his obligation to repay the loan, A's wealth is not thereby decreased $5,000, nor is B's wealth increased $5,000. The parties have only made an exchange of wealth, and each has exactly the same amount of wealth he had before. If, therefore, each paid taxes on $5,000 before the exchange, in justice and equity each ought to pay taxes on a like amount thereafter. The law as it heretofore existed, however, seems to have made A pay, after the ex-

change, on $5,000 and B on $10,000. To correct the evil the legislature relieves A entirely, still leaving B to pay on double the amount he possesses. This to my mind is not equality and uniformity in taxation. Nor do I think any law can equalize taxes which exempts from taxation the creditor class. The burden of double taxation never falls upon them. It falls in every instance upon the property-holding debtor class, since it is the debtor who does not have the absolute interest in the property he possesses. Laws which allow the debtor to deduct from the assessed value of his property debts in good faith owing by him have, for that reason, a sense of equity, but there is no sense of equity or justice in exempting from taxation money and credits.

(3) Finally, it is said that credits are taxed in other forms of property, and for that reason their exemption from taxation as credits is justified. The argument in support of this proposition is that credits are but representations of interests in the tangible property of the state, and that when the tangible property of the state is taxed all the wealth within the state is taxed. But I must dissent from this proposition also. It assumes, what is obviously not the fact, that there is no wealth in credits independent of tangible property. Suppose that tomorrow a person should come into this state from some other state bringing with him stocks and bonds to the value of a million dollars of some solvent railroad corporation whose lines do not touch this state, would any one say that he had brought no wealth into the state, or that the wealth of the state had not been increased? Or, would any one say that these stocks and bonds were taxed by the taxation of the tangible property of the state? Obviously not. How then can it be said that the wealth of the state is taxed by the taxation of its tangible property? It is no answer to say that these bonds are taxed by the taxation of the railroad in another state. This does not satisfy our own laws which require that all property within the state be taxed. Nor does it satisfy the justice of the matter. So long as this

property is within the state it requires the care and protection
of the laws of the state, and it is only right that it should
contribute its proportionate share to the maintenance of the
state. Furthermore, if credits be property in any form, they
must be taxed as property. The constitution does not recog-
nize vicarious taxation. The requirement that all property
must be taxed means that it must be taxed directly, in the
form it presents itself when the assessment lists are made up,
not in the form of substitutes.

Again, it is suggested in this connection, and it is a com-
mon argument used in support of laws of this character, that
credits escape taxation in the major part through the dis-
honesty of their holders, and that, when they are found, the
tax is paid by the debtors in the way of increased interest.
But this does not appear to me to argue in favor of the ex-
emption of credits. If the laws are so lax as to permit credits
to escape taxation, the remedy is to reform the law, not to
exempt credits. It will not do to say that no tax law can be
framed that will reach credits. This is no place to point out
remedies, but when the law places the premium upon honesty
instead of upon dishonesty in these matters, the evil will dis-
appear. But, supposing it be true that a goodly part of the
credits of the state will escape the assessor under the best
framed law, is it not better that the part that can be reached
be taxed than that all be allowed to escape? No one pre-
tends that the assessor reaches all of the tangible personal
property in the state, yet I have never heard this given as a
reason for the exemption from taxation of all tangible per-
sonal property.

The claim that the borrower pays the taxes on credits in the
way of interest is only true in a general sense. It is true in
the sense that the renter pays the taxes on rented land in the
way of rents, that the builder pays the taxes on the manu-
facturing plants when he pays the cost of the building ma-
terial, that the consumer pays the tax on the products he
consumes when he pays the price of the consumed products,

but it is true in no other sense. The rate of interest is regulated by law in this state, and it is this law that governs interest rates. Experience has shown that it is only by law that the exaction of excessive and exorbitant interest can be prevented. It is never done by freeing money and credits from taxation. Nor is interest lessened to any material extent thereby. This is so because freedom from taxation is only one, and a minor one, of the many conditions that regulate rates of interest. The maximum rate allowed by law is always exacted if the demand for money at the time justifies it, regardless of other conditions, and the fact that credits are or are not taxed is hardly considered as an element when determining whether the maximum rate shall be exacted.

But these latter considerations are beside the question. If the constitution declares that notes, accounts, moneys, certificates of deposit, and the like, are property and taxable as such, the legislature is without power to exempt them from taxation, and any statute attempting so to do is void. I believe it has so declared, and for that reason I think the judgment of the lower court should be affirmed.