[No. 21780.  *En Banc.*  February 20, 1929.]

THE STATE OF WASHINGTON, *on the Relation of Curtis Egbert et al., Appellants,* v. J. H. GIFFORD, *as Assessor, Respondent.*[1]

*W. J. Milroy,* for respondent.

*R. G. Sharpe,* for appellants.

*Frank T. Post, Frank B. Sharpstein, M. F. Gose, Rigg & Brown, Earl G. Rice; Preston, Thorgrimson & Turner; Tanner & Garvin; Grinstead, Laube, Laughlin & Lichty; Peters & Powell, William Hatch Davis; Kerr, McCord & Ivey; E. S. McCord,* and *W. Z. Kerr, amici curiae.*

MAIN, J.—The relators, as taxpayers, brought this action to compel the respondent, as assessor of Thurston county, to place upon the tax rolls of the county, mortgages, notes, accounts and other items of intangible property, all of which may be referred to as

[1]Reported in 275 Pac. 74.

"credits." It was alleged that the property mentioned was owned by, and in possession of, residents of the county, and that it had not been listed for taxation. To the complaint, a demurrer was interposed and sustained. The relators refused to plead further, and elected to stand upon their pleading as it was. Judgment was entered, dismissing the action, from which they appealed.

The question in this case is, whether the legislature has the power to exempt what are called "credits" from taxation.

Section 1 of art. 7 of the constitution provides:

"All property in the state not exempt under the laws of the United States, or under this constitution, shall be taxed in proportion to its value, to be ascertained as provided by law. . . ."

Section 1 of ch. 48 of the Laws of 1907, p. 69, contains this proviso:

"That mortgages, notes, accounts, moneys, certificates of deposit, tax certificates, judgments, state, county, municipal and school district bonds and warrants shall not be considered as property for the purpose of this chapter, . . ." (Rem. Comp. Stat., § 11099.)

That statute was before the court in *State ex rel. Wolfe v. Parmenter*, 50 Wash. 164, 96 Pac. 1047. As stated in the opinion: "The constitutionality of the statute is the only question involved in this appeal."

It was held in that case that the statute was inoperative as to money, but that as to the other items mentioned, which may be referred to as credits, the legislature had the power to exempt them from taxation, because they were not property of a class which was included within the language, "all property," in the section of the constitution above quoted. It was not held in that case that the legislature had no power

to tax credits. That question was not then before the court and is not before us at the present time.

We are of the opinion, after having given due consideration to the question, that the holding in the Parmenter case was right, and therefore it should be adhered to.

█ If it should be assumed, however, that that case was not correctly decided, we think it should be adhered to, nevertheless, because the case now before us presents a situation where the doctrine of *stare decisis* applies with peculiar force.

The judgment will be affirmed.

MITCHELL, C. J., BEALS, TOLMAN, FRENCH, MILLARD, and PARKER, JJ., concur.

HOLCOMB, J., concurs in the result.

FULLERTON, J. (dissenting)—As stated in the foregoing opinion, the question now before the court is the same question that was presented and determined by it in the case of *State ex rel. Wolfe v. Parmenter,* 50 Wash. 164, 96 Pac. 1047. I had the duty to participate in the earlier decision, and, being unable to concur in the conclusion then reached by the court, I exercised my privilege of stating my individual views somewhat at length. I was then of the opinion that the case necessarily determined that intangible property was not of that character of property which the state had power to tax as such. The present decision holds that such was not the purpose or intent of the earlier decision; that it was not there held that intangible property could not be taxed if the legislative body of the state so willed, but that it was held only that it was within the power of that body to exempt such property from taxation. While, in my opinion, the decision is no more defensible under the interpretation now put upon it than it would be were my inter-

pretation of it correct, I do not feel that I need discuss the question further. The instant decision is at least a step in the direction I think the court should go. It leaves the legislature free to act. That body may now enact such legislation looking to the taxation of intangible property as it chooses, with the assurance, which I am afraid it has not heretofore felt, that no existing decision of this court stands in its way.