[No. 354.  Decided November 12, 1891.]

THE STATE OF WASHINGTON, *on the Relation of R. M.
Shannon,* v. EDWARD F. HUNTER, *Judge, Respondent.*

SUPERIOR COURTS—JURISDICTION—MANDAMUS.

Under the constitutional provision that the superior courts shall
have jurisdiction in all cases in which some other court has not been
given exclusive jurisdiction by law, the superior courts of this state
have concurrent jurisdiction with justices of the peace where the sum
sued for is less than one hundred dollars.

*Mandamus* is the proper remedy to·compel a court to take jurisdic-
tion of a cause which it has wrongfully dismissed because, in the
opinion of the court, it had no jurisdiction therein.

*Original Application for Mandamus.*
*Reynolds & Stewart,* for petitioner.
*Edward F. Hunter, pro se.*

The opinion of the court was delivered by

Hoyt, J.—The return of the respondent to the alternative writ of *mandamus* issued herein shows that he had dismissed the suit in question for want of jurisdiction to hear the same, because the amount sued for was less than $100, and upon this return the questions to be decided arise. Some question is made by counsel as to whether in fact the sum sued for, as shown by the complaint, was less than $100, but, as the view we take makes such question immaterial, we shall not attempt to decide the same. Two questions are presented which it is necessary for us to decide: (1) Has the superior court jurisdiction where the sum sued for is less than $100? (2) Is *mandamus* the proper remedy where a cause is wrongfully dismissed because, in the opinion of the court, it has no jurisdiction therein?

As to the first question above suggested, the constitution of this state provides that the superior courts shall have jurisdiction in all cases in which some other court has not been given exclusive jurisdiction by law, and if the legislature has not provided that justices of the peace shall have exclusive jurisdiction in suits of this kind, it follows that the superior courts must have jurisdiction. The language of the act fixing the jurisdiction of justices of the peace, so far as it relates to this question, is as follows: "Every justice of the peace shall have jurisdiction and cognizance of the following civil actions and proceedings;" and it seems clear that by such language simply jurisdiction is conferred, and not exclusive jurisdiction. This is so plain from the language used that it seems entirely unnecessary to present argument in support of the proposition. If there could be any ques-

tion as to the meaning of the legislature as conveyed in said language, such question would clearly be resolved in favor of such construction when the language used is interpreted in the light of other legislation bearing upon the subject. For instance, the act relating to costs in superior courts provides "that the plaintiff shall in no case be entitled to costs taxed as attorney's fees in actions within the jurisdiction of justices of the peace when commenced in superior courts," which would be an absolutely senseless provision, and of no force whatever, if, as contended for by the respondent, the superior court could have no jurisdiction in suits of this kind. It must therefore be held that the legislature has not as yet conferred exclusive jurisdiction upon justices of the peace in actions like the one at bar, and for that reason the superior court must be held to have jurisdiction. Much has been said by the respondent upon the policy of the law in this regard, and the fact that the usefulness of the superior courts will be materially interfered with if their jurisdiction is held to extend to these minor suits; but such questions of public policy and convenience are for the legislative, and not for the judicial, department of the government, and, so long as the intention of the legislature is clear, the courts must give such intention effect, regardless of the question as to whether or not such legislation is or is not the wisest that might have been enacted upon such subject.

The superior court, then, erroneously dismissed the case, and the remaining question above suggested is as to the proper remedy. The position taken by the respondent is that such judgment of dismissal is a final judgment, and determines the cause as fully as would a judgment on the merits; that in rendering the same the court acts judicially, and its discretion in so doing cannot be controlled by *mandamus*. There is much force in this position, and, if the question were a new one, unaffected by authority, we might

come to the conclusion that the proper remedy in such a case was by appeal, and not by *mandamus;* but the authorities seem to have established the other doctrine, and to have decided that from judgments of dismissal for want of jurisdiction no appeal will lie, but that the only remedy is by *mandamus.* This doctrine was established in the supreme court of the United States many years ago. In *Ex parte Bradstreet,* 7 Pet. 634, the supreme court of the United States issued a *mandamus* to a United States district judge to reinstate a cause which he had dismissed for want of jurisdiction, and to proceed in the trial of the same. In *Ex parte Parker,* 120 U. S. 737, the same court by a writ of *mandamus* directed the supreme court of this territory to reinstate a cause which it had dismissed because, in its judgment, it had no jurisdiction, and to proceed to hear the same upon its merits. The same doctrine was announced in 131 U. S. 221 (Sup. Ct. Rep. 708), where, in the same matter, the court commanded the supreme court of said territory to reinstate and hear a case, although the judges who had rendered the judgment of dismissal had gone out of office, and an entirely new set of judges been installed. In *Harrington v. Holler,* 111 U. S. 796 (4 Sup. Ct. Rep. 697), the same court held directly that no appeal would lie from a judgment of dismissal for want of jurisdiction, rendered in the supreme court of this territory, and that the remedy, if any, was by *mandamus.* It will be seen from the above that the supreme court of the United States has from an early date uniformly held to a different doctrine from that contended for by respondent. If we look at the decisions of the courts of last resort in the states, we shall find them to be almost uniformly upon the same side of the question. We shall not attempt to review these latter cases, but the case of *State, ex rel. Keane, v. Murphy,* 19 Nev. 89 (6 Pac. Rep. 840), is a most interesting one upon this question. The learned judge of that

court, in deciding said case, not only sustained the doctrine as above stated, but entered into a discussion of the reasons therefor, with such success that there seems little chance of escape therefrom. He says that the discretion of the lower court is not controlled by such writ; that the question as to whether or not such court has jurisdiction in the particular matter is a preliminary one; and that the appellate court, in granting the writ, decides that question for the lower court, and does not compel it to decide it at all; and at great length elaborates and ably maintains the position contended for by the petitioner in this proceeding. In view of these authorities, we feel bound to hold that the proper remedy, where a cause has been erroneously dismissed for want of jurisdiction, is *mandamus*.

The peremptory writ commanding the respondent to set aside said judgment of dismissal, and proceed to hear the cause upon its merits, and finally determine the same, must be awarded, and it is so ordered.

ANDERS, C. J., and DUNBAR, SCOTT and STILES, JJ., concur.