[Decided December 26, 1892.]

## WOODWARD v. OREGON RY. AND NAV. CO.

MANDATE— PAYMENT OF COSTS.—Where a case has been reversed but no effort made for a new trial during three years, the respondent ought to pay the costs in the supreme court as a condition precedent to taking out the mandate, on motion for an order to take out a mandate.

*Glen O. Holman,* and *Edward B. Watson,* for the motion.

*Zera Snow, contra.*

This case was originally appealed from Multnomah County, where the plaintiff had judgment. On hearing in the supreme court, the case was reversed in January, 1890: 18 Or. 289 (27 Pac. Rep. 1076); but for some reason the mandate was never remitted to the lower court, probably because the costs were not paid. The plaintiff now moves the supreme court for an order to take out the mandate, and the defendant opposes the motion because (1) the plaintiff has been guily of laches in waiting three years, and (2) the motion ought not to prevail except on payment of costs, citing *Buckles* v. *Chicago, St. P. & M. Ry. Co.* 47 Fed. Rep. 424, and 53 Fed. Rep. 566, where the authorities are collected. After consideration, the following order was, on December 26, 1892, entered in the journal of the court, at page 9 of volume 10: "This cause having been submitted to the court upon the motion of respondent for leave to take out the mandate herein, and the cross-motion of the appellant for an order requiring the payment of the judgment for costs and disbursements taxed in the case in favor of appellant, as a condition for the taking out of such mandate by the respondent; and the court being now fully advised, it is ordered that respondent's said motion be and the same is hereby overruled and denied unless the respondent shall pay the costs and disbursements taxed herein in favor of the appellant in this court, and that until payment of the same, the mandate of this court be retained."