[No. 2538.  Decided April 24, 1897.]

THE STATE OF WASHINGTON *on the Relation of Ella W. Smith,* v. JAMES G. McCLINTON, *Judge.*

ABATEMENT — ANOTHER ACTION PENDING — ATTACHMENT FOR CONTEMPT — MANDAMUS TO COURT.

The fact that an appeal is pending from an order of the court in a proceeding to have one attached for contempt for refusing to comply with a decree adjudging that he pay a specified sum monthly as alimony to his divorced wife for the support of his children, is not ground for the court's declining to assume jurisdiction of a similar proceeding to compel payment of another installment of alimony subsequently becoming due and payable.

Mandamus is the proper remedy to compel a court to proceed, where its jurisdiction is manifest, and it evades hearing the proceeding by holding that it has no jurisdiction.

*Original Application for Mandamus.*

*A. W. Buddress,* for relator.

The opinion of the court was delivered by

ANDERS, J.—This is an application for a peremptory writ of mandate, requiring the superior court of Jefferson county, and JAMES G. McCLINTON as judge thereof, to hear and determine an application made to said court by the relator herein, to compel one Del Cary Smith to show cause why he should not be attached and punished for contempt for failing to comply with the judgment of said court directing him to pay alimony to the relator.

It appears that, in an action for a divorce instituted by the said Del Cary Smith against the relator Ella W. Smith, it was finally adjudged that the plaintiff therein should pay to the defendant and relator, Ella W. Smith, the sum of $15 on the first day of each and every month from November 1, 1895, to November 1, 1896, and the sum of $25 on the first day of each and every month thereafter, as alimony for the support of the two infant children of said parties. The defendant failed and refused to pay said sums or any part thereof, and, early in the year 1897, the relator filed an affidavit in the superior court setting up the fact of such refusal and praying that the said Del Cary Smith be required to show cause why he should not be punished for contempt of said court. An order to show cause was accordingly issued and served, and on the return day specified therein the said Smith appeared by his counsel and moved to quash and set aside the proceeding on the ground that the affidavit for the order failed to state sufficient facts to confer jurisdiction on the court, which motion was sustained and the application dismissed. From this judgment an appeal was taken to this court.

Thereafter a second application similar to the first was made to the court for an attachment to compel the payment of alimony which accrued, and became due and payable, under the order of the court, subsequently to the dis-

missal of the first proceeding. This second application was also dismissed on the ground, as stated in the return to the alternative writ of mandate issued out of this court, " that it was the opinion of the court that this proceeding could not be maintained while another proceeding for the same relief was pending in the supreme court."

The reason assigned by the court for declining to proceed in the matter before it is wholly insufficient in law to constitute a return to the alternative writ. The proceeding in which its power was invoked was a proper one under the statute (Code Proc., title 9, ch. 19) and was entirely separate and distinct from that in which the appeal was taken. The plaintiff in the action for a divorce was, as we have stated, ordered and adjudged to pay the relator a specified sum on the first day of each month during a certain time, and a failure to pay any installment when it became due constituted a good and sufficient ground for the issuance of an attachment. It appears from the relator's affidavit that the said Smith not only quietly ignored the order of the court, but deliberately disposed of his property for the express purpose of putting himself in such a position that he could, in his opinion, successfully plead inability to comply with it. Such trifling with a court of justice ought never to be tolerated. Simple justice to the relator, if nothing else, required prompt action on the part of the court. In such a case as this *mandamus* is the proper remedy, and the court cannot, where its jurisdiction is manifest, divest itself of jurisdiction and evade hearing the proceeding on its merits, by simply holding that it has no jurisdiction. *State, ex rel. Shannon, v. Hunter*, 3 Wash. 92 (27 Pac. 1076); *Temple v. Superior Court*, 70 Cal. 211 (11 Pac. 699).

Let the peremptory writ issue.

SCOTT, C. J., and GORDON, J., concur.