[No. 35751. Department One. February 23, 1961.]

RUTH PASSMORE, *Plaintiff*, v. GEORGE PASSMORE, *Defendant and Relator*, THE SUPERIOR COURT FOR KING COUNTY, *Eugene Wright, Judge, Respondent*.[1]

*Phil McIntosh*, for defendant and relator.

*Charles O. Carroll, Eugene F. Hooper, Lynwood W. Fix, Pauline C. Nightingale*, and *Joyce M. Thomas*, for respondent.

[1]Reported in 359 P. (2d) 811.

HUNTER, J.—This is a review by certiorari of an order entered by the King County Superior Court, providing for temporary support payments during the pendency of a hearing on the merits on a petition filed under the Uniform Reciprocal Enforcement of Support Act, Laws of 1951, chapter 196, p. 584 (RCW 26.21), hereafter referred to as the Support Act.

A complaint was filed on June 25, 1957, by Ruth Hayes, in the juvenile and domestic relations court of the county of Morris, state of New Jersey, under Laws of 1952, chapter 197, p. 697. The complainant alleges (1) she is the former wife of defendant George Passmore and she resides in the state of New Jersey; (2) that she and the defendant have two minor children, ages 13 and 14; (3) that the children are in need of and entitled to sufficient support from the defendant; (4). that the defendant has neglected to provide sufficient support for dependents according to statute; and (5) that the defendant is a resident of the state of Washington. The complainant prays the defendant be compelled to support sufficiently the dependents named.

Testimony was taken in the New Jersey court in support of the petition. The court stated it felt the defendant should be able to pay sixty dollars a month for the support of the children, stating:

" . . . I will be very glad to recommend to the court in Washington that the court there have Mr. Passmore come in and investigate the matter and what he is paying and about how much he is earning and whether or not he can afford and should pay $60 a month, and if so, to ask the court to make an order requiring him to pay $60 a month for the support of his two children."

An authenticated transcript of the entire proceeding was transmitted to the King County Superior Court. A twenty-day summons issued out of the King County Superior Court was attached and directed to the defendent together with an order to show cause, on July 14, 1960, why the petition of the plaintiff should not be granted. The defendant timely filed an answer placing in issue the residence of the plaintiff and the matters relating to need and support of the minor

children. After several continuances, the show cause order came on for hearing on August 25, 1960, at which time the defendant and his counsel were present, and the state of Washington was represented by the prosecuting attorney. The only record of what transpired is the entry of an order on September 2, 1960, entitled "Temporary Order of Support." A memorandum of authorities in support of objections to the entry of the proposed order was filed by the defendant on August 30, 1960. The order provided:

" . . .

"The Court having read and considered the records and files herein and being fully advised, now therefore,

"IT IS HEREBY ORDERED:

"1. That temporarily and until further order of this court, defendant be and is hereby directed to pay plaintiff via the Registry of this Court and Cause for the care, support and maintenance of the minor children of the above parties, the sum of $60. per month, commencing with the month of August, 1960.

"2. That this cause forthwith be noted for trial on the merits on the Regular Trial Calendar of this Court.

"3. That this cause shall be subject to King County, Washington divorce cause No. 403281.

"4. That the Clerk of this Court be and is hereby authorized and directed to disburse said payments to:

"Probation Office

"Court House

"Morristown, New Jersey. . . . "

Thereafter, the defendant made application to this court for a review of the above order by writ of certiorari, which was granted. The order is now before us for review on the writ.

The respondent has interposed a motion to quash the writ. The only ground in support of the motion meriting our consideration is that the relator has a plain, speedy and adequate remedy at law.

Under the temporary order entered by the trial court, the relator is required to make payments of sixty dollars a month to the clerk of the court for disbursement to the probation department of the state of New Jersey, for the support of his minor children. We believe the prac-

tical and procedural difficulties with which the relator would be confronted in obtaining relief under these circumstances, should it be determined the payments involved were wrongfully made, would constitute a sufficient showing that his remedy by appeal is inadequate. The motion to quash the writ is denied.

The relator contends the temporary order entered by the trial court was beyond its jurisdiction. The relator argues that the court obtained its jurisdiction to proceed with the hearing of the instant case only by reason of the Support Act, *supra*, and there is no provision in the enactment authorizing the court to enter an order for temporary support payments during the pendency of the trial on the merits. We agree.

■ The trial court acquired jurisdiction to conduct the proceeding in the instant case only by reason of the Support Act. The rule is well established that in statutory proceedings the jurisdiction and authority of the courts are prescribed by the applicable legislative enactments. The courts do not have any power that cannot be inferred from a broad interpretation *of the act in question. Arneson v. Arneson,* 38 Wn. (2d) 99, 227 P. (2d) 1016 (1951).

The Support Act, pertinent to jurisdiction and procedure here involved, provides:

RCW 26.21.080. "All duties of support are enforceable by action irrespective of relationship between the obligor and obligee. Jurisdiction of all proceedings hereunder shall be vested in the superior court. In all instances where the obligee is not represented by private counsel it shall be the duty of the prosecuting attorney of the proper county of this state to appear in this state on behalf of and represent the obligee in every proceeding pursuant to this chapter and to obtain and present such evidence or proof as may be required by the court in the initiating state or the responding state."

RCW 26.21.090. "The petition shall be verified and shall state the name and, so far as known to the plaintiff, the address and circumstances of the defendant and his dependents for whom support is sought and all other pertinent information."

RCW 26.21.100. "If the court of this state acting as an initiating state finds that the petition sets forth facts from which it may be determined that the defendant owes a duty of support and that a court of the responding state may obtain jurisdiction of the defendant or his property, he shall so certify and shall cause certified copies of the petition, the certificate and an authenticated copy of this act [Laws of 1951, chapter 196] to be transmitted to the court of the responding state."

RCW 26.21.110. "When the court of this state, acting as a responding state, receives from the court of an initiating state the aforesaid copies, it shall (1) docket the cause, (2) notify the prosecuting attorney, (3) set a time and place for a hearing, and (4) take such action as is necessary in accordance with the laws of this state to obtain jurisdiction. . . ."

■ From the foregoing it is clear that a hearing upon the petition referred to in RCW 26.21.090 is contemplated prior to the entry of any order against the "obligor" for the payment of support money.

In the instant case, the order was entered without a hearing upon the petition. It was a temporary order entered pending the hearing of the "cause for trial on the merits."

We find no authorization in the Support Act, or language from which it could be inferred, prescribing the entry of an order to make payments for temporary support of dependents pending a hearing on the petition. The trial court was, therefore, without jurisdiction to enter such an order.

The order is reversed and the cause remanded for trial on the merits.

MALLERY, DONWORTH, WEAVER, and FOSTER, JJ., concur.