[No. 42494.  En Banc.  June 14, 1973.]

THE STATE OF WASHINGTON, *Appellant*, v. RAYMOND LEE WOMACK, *Respondent*.

*Slade Gorton, Attorney General, David R. Minikel* and *James R. Silva, Assistants,* for appellant.

*William Merchant Pease* (of *Barnett, Robben, Blauert & Pease*), for respondent.

ROSELLINI, J.—The respondent was arrested by a state highway patrolman who, having reasonable cause to believe that the respondent was driving while under the influence of intoxicating liquor, advised him of his rights under RCW 46.20.308, the implied consent law, and the consequences of exercising those rights. When the patrolman asked the respondent to submit to a breath test for blood alcohol content, he refused.

In due course and according to the statutory procedure, the respondent's license was revoked. He was informed of his right to a formal hearing and availed himself of that right. On February 4, 1970, a hearing officer sustained the department's order of revocation. The respondent then petitioned the Superior Court for King County to review the order, and the petition was granted.

At the conclusion of the trial in superior court, the superior court judge sustained the department's order of license revocation, but decreed that the order of revocation should be suspended for 1 year on condition that the respondent not be convicted of any moving traffic violations occurring within the year; and further ordered that if the condition was met, the department's order should be reversed and "held for naught."

The Department of Motor Vehicles has appealed.

The respondent has moved to dismiss the appeal on the ground that no statement of facts was filed by the appel-

lant. He cites *American Universal Ins. Co. v. Ranson*, 59 Wn.2d 811, 370 P.2d 867 (1962) and *Kataisto v. Low*, 73 Wn.2d 341, 438 P.2d 623 (1968). These cases stand for the proposition that the court, on an appeal from a summary judgment, must have before it the precise record considered by the trial court if it is to review the correctness of that judgment. Both hold that the matters considered by the trial court may be incorporated in a statement of facts or identified with particularity in the summary judgment and furnished to this court by a transcript certified by the clerk of the court. This is not an appeal from a summary judgment, and the cited cases have no application.

■ The rule is that a statement of facts is required only where it is necessary to consider the question presented. *Sweeney v. Sweeney*, 47 Wn.2d 169, 286 P.2d 719 (1955). The respondent asserts that the trial court took evidence and testimony tending to show that he would suffer extraordinary hardship if his license were revoked and that its decision to exercise its discretion and relieve him from the penalty of the statute was based on that evidence. This court cannot review the trial court's exercise of discretion without examining the evidence, he maintains.

We are not asked, however, to hold that the court abused its discretion. The only question is whether the court was authorized to exercise its discretion at all in this case. The facts necessary to our determination are all contained in the findings of fact and the judgment. No statement of facts is required.

■ The contention of the department on appeal is that the superior court has only a limited power of review under RCW 46.20, and has no inherent power to suspend an order of the Department of Motor Vehicles.

The appellant draws our attention to RCW 46.20.308(3) (Initiative No. 242), which provides, in pertinent part:

> The department of motor vehicles, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor

vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test upon the request of the law enforcement officer after being informed that such refusal would result in the revocation or denial of his privilege to drive, *shall* revoke his license or permit to drive or any nonresident operating privilege.

(Italics ours.)

The direction to the department is couched in mandatory terms. The department "shall" revoke the person's license if the designated facts are shown to exist. There is no discretion lodged in the department. Upon a formal hearing, RCW 46.20.308 (4) provides:

The scope of such hearing . . . shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor, whether the person was placed under arrest and whether he refused to submit to the test upon request of the officer after having been informed that such refusal would result in the revocation or denial of his privilege to drive. The department shall order that the revocation or determination that there should be a denial of issuance either be rescinded or sustained.

We find in the statute no provision authorizing the department to suspend a license, rather than revoke it, for refusal to submit to the test, or to hear any evidence bearing on the question of hardship to the driver resulting from revocation or denial of his driving privileges. There is no room for exercise of discretion by the department, according to the terms of this initiative enacted by the people.

RCW 46.20.390,[1] which authorizes the issuance of an occupational license under certain circumstances of hardship, applies only where a person's driver's license has been suspended or revoked because he has been convicted of or has forfeited bail for any first offense relating to motor vehicles, other than negligent homicide or manslaughter.

---

[1] In effect at the time of the offense; repealed by Laws of 1971, 1st Ex. Sess., ch. 284, § 16.

The occupational license authorized is a restricted license, which does not carry with it all of the privileges of an ordinary license. Persons who have refused a chemical breath test, when asked to submit to such a test under the prescribed circumstances, are not among those who are given the benefits of this statute.

A person whose license has been revoked pursuant to the implied consent law is authorized to petition the superior court for review in RCW 46.20.308 (5). The review is to be de novo, according to RCW 46.20.334. The review is of the final hearing. *Lewis v. Department of Motor Vehicles,* 81 Wn.2d 664, 504 P.2d 298 (1973). No authority is conferred upon the court to take evidence and determine whether hardship will result to the petitioner, as a result of the license revocation, or to suspend the license revocation. The court is authorized only to review the correctness of the department's determination that the necessary facts pertaining to the arrest and the refusal to submit to the test have been proven.

In a statutory proceeding, the jurisdiction and authority of the courts are prescribed by legislative enactment, and the court does not have any power that cannot be inferred from a broad interpretation thereof. *In re Parsons,* 76 Wn.2d 437, 457 P.2d 544 (1969); *Passmore v. Passmore,* 57 Wn.2d 762, 359 P.2d 811 (1961); *Arneson v. Arneson,* 38 Wn.2d 99, 227 P.2d 1016 (1951).

An appeal to the superior court from an administrative decision, authorized by statute, is such a proceeding. *See Insurance Co. of North America v. Kueckelhan,* 70 Wn.2d 822, 425 P.2d 669 (1967); 2 Am. Jur. 2d *Administrative Law* § 755 (1962). It is firmly established that the court, in reviewing an administrative decision, may not substitute its judgment for that of the administrative body or exercise a discretion which is lodged in the agency. Here the agency itself was given no discretion. Its duty was simply to find the facts and apply the law. There is no authority, statutory or otherwise, for the court's exercise of a broader discretion than that which is given to the administrative

body. Its function was solely to review the determination made by the Department of Motor Vehicles and to confirm it unless the respondent showed to its satisfaction that the facts necessary to that decision had not been proven. This the respondent failed to do, for the court found that the department's order should be "sustained."

Having found that the evidence sustained the department's findings on the essential facts, it was the duty of the court to confirm the revocation. Since it could exercise only the power conferred under the act, and the act does not authorize suspension of a license revocation upon any ground, the court exceeded its authority when it ordered the suspension.

The judgment is reversed and the order of the department is reinstated.

HALE, C.J., FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., and RUMMEL, J. Pro Tem., concur.