[No. 2813-1.    Division One.    June 2, 1975.]

GENERAL ACCEPTANCE CORPORATION, *Respondent*, v. CHARLES
F. SAUGET *et al, Defendants*, BRUCE K. MCKNIGHT *et al,*
*Appellants.*

Stern, Gayton, Neubauer & Brucker, P.S., and O. J.
Humphrey III, for appellants.

W. D. Palmer, Sr., for respondent.

SWANSON, J.—The sole issue raised by this appeal is whether the constitutional grant to justice courts of original jurisdiction in cases where the amount in controversy is less than $300 precludes the exercise of concurrent jurisdiction by superior courts in such cases.

Our review is based upon an agreed statement of facts filed pursuant to CAROA 34(5), which establishes that appellant Bruce McKnight, acting on behalf of himself and his marital community, was the cosigner "endorser" of a furniture purchase contract entered into by the defendants Sauget which contract was assigned to the respondent, General Acceptance Corporation. Following default of the Saugets, demand was made against the McKnights for payment of the $288.56 balance owing, but they failed to pay and subsequently, on July 6, 1971, the respondent filed suit for that amount in King County Superior Court. On January 18, 1974, immediately prior to the entry of judgment

594

against the McKnights, the trial court considered but rejected the McKnights' assertion that it was without jurisdiction to consider the case or enter judgment, arguing that the claim in question was for an amount less than $300 and therefore was a matter within the exclusive jurisdiction of justice court. The McKnights appeal.

Early in our State's history, in *State ex rel. Shannon v. Hunter*, 3 Wash. 92, 27 P. 1076 (1891), the basic question presented was similar to that raised here, except that the jurisdictional amount in question was $100. The state Supreme Court held that the superior courts had concurrent jurisdiction with justices of the peace, stating at page 93:

> [T]he constitution of this state provides that the superior courts shall have jurisdiction in all cases in which some other court has not been given exclusive jurisdiction by law, and if the legislature has not provided that justices of the peace shall have exclusive jurisdiction in suits of this kind, it follows that the superior courts must have jurisdiction. The language of the act fixing the jurisdiction of justices of the peace, so far as it relates to this question, is as follows: "Every justice of the peace shall have jurisdiction and cognizance of the following civil actions and proceedings;" and it seems clear that by such language simply jurisdiction is conferred, and not exclusive jurisdiction. This is so plain from the language used that it seems entirely unnecessary to present argument in support of the proposition.

Respondent contends that *Shannon* dictates an affirmance in this case, but appellants argue that the adoption in 1952 of amendment 28, article 4, sections 6, and 10 of the state constitution invalidates *Shannon* and requires a contrary ruling here.

Const. art. 4, § 6 (amendment 28) provides in relevant part:

> The superior court shall have *original* jurisdiction in all . . . cases in which the demand or the value of the property in controversy amounts to one thousand dollars, *or a lesser sum in excess of the jurisdiction granted to justices of the peace and other inferior courts,* . . . The superior court shall also have original juris-

diction in all cases and of all proceedings in which jurisdiction shall not have been *by law vested exclusively* in some other court; . . .

(Italics ours.) The appropriate portion of the original text is identical except the jurisdictional amount is $100, and there is no reference to a "lesser sum in excess of the jurisdiction granted to justices of the peace and other inferior courts, . . ." Const. art. 4, § 10 (amendment 28) includes this provision:

> Justices of the peace shall have *original* jurisdiction in cases where the demand or value of the property in controversy is less than three hundred dollars or such greater sum, not to exceed one thousand dollars, as shall be prescribed by the legislature.

(Italics ours.) The original text included no such specific provision, although it otherwise limited the jurisdiction which could be granted by the legislature to justices of the peace. Consistent with Const. art. 4, § 6 (amendment 28), the legislature has provided that superior courts have

> *original* jurisdiction in all . . . cases in which the demand or the value of the property in controversy amounts to three hundred dollars . . . *and shall also have original* jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been *by law vested exclusively* in some other court, . . .

(Italics ours.) RCW 2.08.010. Further, consistent with Const. art. 4, § 10 (amendment 28), the legislature has provided that justices of the peace and justice court "shall have jurisdiction" where the amount in controversy is less than $1,000, with certain exceptions provided in the statute. See RCW 3.20.020; RCW 3.66.020.

██ It is apparent from an examination of the quoted constitutional provisions and statutes that the constitutional grant of *original* jurisdiction to justices of the peace in cases where the amount in controversy does not exceed $300 or such greater sum as the legislature may determine not to exceed $1,000, does not amount to a grant of *exclusive* jurisdiction. Therefore, in accordance with Const. art.

4, § 6 (amendment 28) and RCW 2.08.010, the superior court has original jurisdiction in cases where the amount in controversy is less than $300 because such jurisdiction has not been *"by law vested exclusively* in some other court." At the same time, however, in view of the provisions of Const. art, 4, § 10, RCW 3.20.020 and RCW 3.66.020, the original jurisdiction of the superior court in cases where the amount in controversy is less than $300 must be construed to be concurrent with that granted to justices of the peace and to justice courts. *See State ex rel. Shannon v. Hunter, supra.* In this connection, the language of RCW 4.84.030 is notable:

> In any action in the superior court of Washington the prevailing party shall be entitled to his costs and disbursements; but the plaintiff shall in no case be entitled to costs taxed as attorneys' fees in actions *within the jurisdiction of a justice of the peace when commenced in the superior court.*

(Italics ours.) The italicized language constitutes an implicit recognition by the legislature that the jurisdiction of justice court is concurrent with that of superior court.[1]

Appellant directs our attention to the following language which he concedes to be dictum in *H.L. Steiner Organization v. Glenn,* 3 Wn. App. 588, 476 P.2d 543 (1970):

> Washington State Constitution article 4, sections 6 and 10 (amendment 28), place exclusive original jurisdiction of a suit of this type and amount [involving less than $300] in justice court and appellate jurisdiction in superior court.

Notwithstanding this court's use of the word "exclusive,"

---

[1] Notwithstanding the implication of RCW 4.84.030, we rest our holding herein upon what we perceive to be the proper interpretation of constitutional and statutory provisions which *confer civil jurisdiction* upon justice court and superior court, and not upon statutes such as RCW 4.84.030 which serve other purposes and which were not intended to confer such jurisdiction. *See also* RCW 4.14.010-.040; 4.84.300. With reference to the criminal jurisdiction of inferior courts, *see* RCW 3.20.040; 3.50.020; 3.66.060. For a discussion of the jurisdictional limit applicable to justice court in criminal cases, *see State v. Haye,* 72 Wn.2d 461, 433 P.2d 884 (1967).

even a cursory reading of the *Steiner* opinion discloses that there was no adjudication of the question of whether original justice court jurisdiction in cases where the amount in controversy is less than $300 is exclusive or concurrent with that of superior courts.

In the nearly 85 years since *State ex rel. Shannon v. Hunter, supra,* there has been no constitutional or statutory grant of exclusive jurisdiction to justice courts in cases where the amount in controversy is less than $300. The effect of the constitutional and statutory amendments relied upon by appellant has been only to increase the jurisdictional amount in question from the $100 figure applicable in 1891 to as much as $1,000 in certain circumstances. The mere grant of jurisdiction does not constitute a grant of exclusive jurisdiction. *Shannon* is controlling. The trial court did not err in concluding that it had jurisdiction to enter judgment in this case notwithstanding the fact that the amount in controversy is less than $300.

The judgment below is affirmed, and the respondent is awarded an attorneys' fee on appeal of $100.

FARRIS and ANDERSEN, JJ., concur.

Petition for rehearing denied October 29, 1975.

