[No. 43813. En Banc. September 8, 1977.]

LINDA STRENGE, *Petitioner,* v. HAROLD D. CLARKE,
ET AL, *Respondents.*

*Jerry T. Dyreson* of *Spokane County Legal Services,* for petitioner.

*Thomas Milby Smith,* for respondent Spokane General Credit, Inc.

STAFFORD, J.—The sole issue in this case is whether justice district courts have jurisdiction to entertain and try damage claims arising under the Consumer Protection Act, RCW 19.86.

Respondent collection agency, Spokane General Credit, Inc., as assignee of a debt allegedly owed to Bestway Fuel, Inc., by petitioner, Linda Strenge, initiated an action in Spokane County District Court to collect $119.15 claimed to be due on her open account. Petitioner counterclaimed for treble damages under RCW 19.86.090 of the Consumer Protection Act. She alleged that respondent engaged in abusive collection practices proscribed by RCW 19.16.440 which reads in part:

[T]he commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16-.250 are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW.

During the trial it developed that respondent had indeed violated certain provisions of the Collection Agency Act, RCW 19.16.250(14), (18),[1] by attempting to collect court costs, services fees and attorney's fees before they were reduced to judgment. The district court (justice court) awarded respondent judgment for the unpaid balance of $39.15. But, acting pursuant to RCW 19.16.450[2] the court properly refused to award respondent any sum for court costs, collection costs, attorney's fees, or other costs, or interest. On the other hand, the court declined to entertain petitioner's counterclaim under RCW 19.86, claiming lack of jurisdiction over claims under the Consumer Protection Act.

Linda Strenge petitioned the Superior Court for a writ of certiorari to review the justice court's decision that it lacked such jurisdiction. The Superior Court, because of the importance of the issue, certified the matter to the Court of Appeals which in turn certified the matter to this court.

We reverse the justice court and hold that it has jurisdiction over claims brought under the Consumer Protection

---

[1] RCW 19.16.250 provides, in part:

"No licensee or employee of a licensee shall:

". . .

"(14) Communicate with the debtor and represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation of such debtor.

". . .

"(18) Collect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs."

[2] RCW 19.16.450 provides:

"If an act or practice in violation of RCW 19.16.250 is committed by a licensee or an employee of a licensee in the collection of a claim, neither the licensee, the customer of the licensee, nor any other person who may thereafter legally seek to collect on such claim shall ever be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim: *Provided,* That any person asserting the claim may nevertheless recover from the debtor the amount of the original claim or obligation."

Act for the following reasons: (1) the legislature has, pursuant to the Washington State Constitution, conferred justice courts with jurisdiction over proceedings of this nature (*i.e.,* an action for a penalty not exceeding one thousand dollars); (2) the language of RCW 19.86.090 allows complainants under the act to bring their suits either in justice court *or* in superior court; and (3) such a result is both in the public interest and consistent with the spirit and the purpose of the Consumer Protection Act.

■ First, article 4, section 6 (amendment 28)[3] invests the superior court with original and general jurisdiction in all cases and in all proceedings in which jurisdiction is not *exclusively vested by law* in some other court or forum. *Dillenburg v. Maxwell,* 70 Wn.2d 331, 351–52, 413 P.2d 940 (1966). Similarly, justice court jurisdiction is provided for in the state constitution. However, the power to determine the extent of justice court jurisdiction is lodged in the legislature which is authorized to prescribe the jurisdiction of justice courts provided such jurisdiction does not "trench upon" the jurisdiction of the superior court. Const. art. 4, § 10 (amendment 28).[4] That limitation has been interpreted to mean that the investing of original jurisdiction in the superior courts does not prevent the legislature from giving *concurrent* jurisdiction to justice courts in the same class of cases.

---

[3]Const. art. 4, § 6 (amendment 28) provides:
"The superior court shall have original jurisdiction in all cases in equity and in all cases at law which involve the title or possession of real property . . . and in all other cases in which the demand or the value of the property in controversy amounts to one thousand dollars, or a lesser sum in excess of the jurisdiction granted to justices of the peace and other inferior courts . . . and for such special cases and proceedings as are not otherwise provided for. The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court . . .

[4]Const. art. 4, § 10 (amendment 28) provides:
"The legislature shall determine the number of justices of the peace to be elected and shall prescribe by law the powers, duties and jurisdiction of justices of the peace: *Provided,* That such jurisdiction granted by the legislature shall not trench upon the jurisdiction of superior or other courts of record . . . *Justices of the peace shall have original jurisdiction in cases where the demand or value of*

*The language of the constitution is not that the superior courts shall have exclusive jurisdiction,* but it gives to the superior courts universal original jurisdiction, *leaving the legislature to carve out from that jurisdiction the jurisdiction of the justices of the peace,* and any other inferior courts that may be created.

(Italics ours.) *Moore v. Perrott,* 2 Wash. 1, 4, 25 P. 906 (1891). To date we have not deviated from that interpretation. *Accord, State v. Haye,* 72 Wn.2d 461, 467, 433 P.2d 884 (1967); *State ex rel. Keasal v. Superior Court,* 76 Wash. 291, 298, 136 P. 147 (1913); *State v. Schaffer,* 31 Wash. 305, 306, 71 P. 1088 (1903).

Following this interpretation, the legislature has "carved" the justice court's civil jurisdiction out of the original universal jurisdiction of the superior court. RCW 3.66. For example, RCW 3.66.020 lists the civil actions and proceedings over which justice courts have jurisdiction. RCW 3.66.020(3) specifically provides that justice courts shall have jurisdiction in civil actions "for a penalty not exceeding one thousand dollars."

█ Second, we have clearly stated that RCW 19.86.090, the damages section of the Consumer Protection Act, imposes a *civil* penalty. *Johnston v. Beneficial Management Corp. of America,* 85 Wn.2d 637, 640, 538 P.2d 510 (1975). The statutory penalty is limited to one thousand dollars. Thus, by virtue of RCW 3.66.020(3) justice courts have concurrent jurisdiction with superior courts over the civil penalty provided for in RCW 19.86.090 unless the legislature has provided there, or in some other statute, that the superior courts have sole and exclusive jurisdiction over such matters. There is no such limiting provision.

In this vein, it is clear that RCW 19.86.090 provides:

---

the property in controversy is less than three hundred dollars or such greater sum, not to exceed one thousand dollars, as shall be prescribed by the legislature." (Italics ours.)

Note that the original jurisdiction given to justice courts here is not exclusive but concurrent with that of the superior court. *General Acceptance Corp. v. Sauget,* 13 Wn. App. 593, 536 P.2d 174 (1975); *State ex rel. Shannon v. Hunter,* 3 Wash. 92, 27 P. 1076 (1891).

> Any person who is injured in his business or property by a violation of RCW 19.86.020 . . . *may bring a civil action in the superior court* . . . and the court may in its discretion, increase the award of damages to an amount not to exceed three times the actual damages sustained: *Provided,* That *such increased damage award* for violation of RCW 19.86.020 may not exceed one thousand dollars.

(Italics ours.) Consequently, the issue thus becomes whether the statutory words "may bring an action in the superior court" reflect a legislative intent that an action for this type of civil penalty must be brought *exclusively* in superior court or whether the jurisdiction is *concurrent* with that of the justice courts under Const. art. 4, § 6 and § 10 and RCW 3.66.020(3).

 We are convinced the expression denotes *concurrent* jurisdiction. Words in a statute must be given their usual and ordinary meaning unless a contrary intent appears. *Department of Revenue v. Hoppe,* 82 Wn.2d 549, 552, 512 P.2d 1094 (1973). The ordinary meaning of the word "may" conveys the idea of choice or discretion. *State ex rel. Beck v. Carter,* 2 Wn. App. 974, 977, 471 P.2d 127 (1970). While there appears to be no serious dispute over such a construction of the word "may," it has been suggested that the phrase "*may* bring a civil action in the superior court" as used in RCW 19.86.090 denies petitioner a choice of bringing a suit in either the justice courts or the superior court. "May," it is urged, merely indicates that a private litigant is under no compulsion to sue at all. We do not agree with that oversimplified view. The mere existence of a statute which creates a civil remedy *never compels* or *requires* a private person to bring suit. A prospective litigant may *always* choose whether to pursue a civil action, regardless of the legislature's use of the word "may." The word "may," as used in the Consumer Protection Act, cannot be said to have no more meaning than merely to inform a potential claimant of that which he already knows, *i.e.,* that he is not forced to sue. Rather, common sense tells us

the word "may" permits the plaintiff to make a choice of forums—either justice court or superior court.

The legislative scheme to allow claimants, under the Consumer Protection Act, to commence suit in either justice or superior court is further evidenced by limitation of the amount of the civil penalty to $1,000, the constitutional and statutory jurisdictional maximum for justice courts. Const. art. 4, § 6, § 10 (amendment 28); RCW 3.66.020(3).

■ Finally, the fundamental object of statutory interpretation is to ascertain and give effect to the intent of the legislature. In so doing, first consideration is given to the context and subject matter of the statute itself. Moreover, legislative intent is to be ascertained from the statutory text as a whole, interpreted in terms of the general object and purpose of the legislation. *State v. Sponburgh,* 84 Wn.2d 203, 210, 525 P.2d 238 (1974). Further, a statute is to be construed with reference to its manifest object. If the language is susceptible of two constructions, one which will carry out and the other defeat that object, it should receive the former construction. *Miller v. Paul Revere Life Ins. Co.,* 81 Wn.2d 302, 310, 501 P.2d 1063 (1972).

The purpose of the Consumer Protection Act is "to complement the body of federal law governing . . . unfair, deceptive, and fraudulent acts or practices in order to protect the public and foster fair and honest competition. . . . To this end this act *shall* be liberally construed that its beneficial purposes may be served." RCW 19.86.920. (Italics ours.) The use of the word "shall" indicates that a liberal construction of the act is required.

We have recently indicated the necessity of interpreting RCW 19.86.090 liberally. In *Hockley v. Hargitt,* 82 Wn.2d 337, 510 P.2d 1123 (1973), Justice Brachtenbach, speaking for a unanimous court, emphasized both the State's public policy of liberally construing the Consumer Protection Act as well as the inadequacy of remedies available to consumers. We have not been alone in recognizing the necessity for broader private consumer remedies. *See:* Report of the

National Institute for Consumer Justice, *Redress of Consumer Grievances*, 13; Staff Studies Prepared for the National Institute for Consumer Justice on Small Claims Courts, 13; Comment, *The Small Claims Court in the State of Washington*, 10 Gonz. L. Rev. 683 (1975); Note, *Consumer Protection in Florida*, 23 Fla. L. Rev. 528, 533 (1971); Comment, *Translating Sympathy for Deceived Consumers Into Effective Programs for Protection*, 114 Pa. L. Rev. 395, 437 (1966); *cf.* Rice, *Remedies, Enforcement Procedures and the Duality of Consumer Transaction Problems*, 48 Boston U. L. Rev. 559, 569 (1968); Eovaldi & Gestrin, *Justice for Consumers: The Mechanisms of Redress*, 66 Nw. U.L. Rev. 281 (1971); Comment, *Consumer Legislation and the Poor*, 76 Yale L.J. 745, 764 (1967).

We cannot avoid the observation that the justice court's ruling would effectively preclude an average consumer from seeking recovery for the many legitimate small monetary claims that could otherwise be brought in justice court or in the small claims department of that court. From a practical standpoint, the mere cost of filing a case in superior court might well frustrate consumers with small claims from attempting to secure a meaningful airing of proper consumer problems. The instant case is such an example. The amount in dispute is only $39.15. Yet, if petitioner was required to pursue her remedy as a separate case in the superior court, rather than as a counterclaim in the same justice court action, she would be assessed an additional filing fee of $32. We cannot believe the legislature intended such a result.

The wording of RCW 19.86.090 and the broad purpose expressed in RCW 19.96.902 clearly reflect a legislative intent to give justice and superior courts *concurrent* jurisdiction over claims under the Consumer Protection Act. The judgment of the Spokane County District Court refusing jurisdiction over petitioner's counterclaim is reversed.

ROSELLINI, HAMILTON, and UTTER, JJ., concur.

DOLLIVER, J., concurs in the result.

WRIGHT, C.J. (dissenting)—I dissent. The majority has ignored many fundamental principles of law to reach their result.

Petitioner sought to recover treble damages for abusive collection practices, as provided by RCW 19.16.440, which designates the practices enumerated in RCW 19.16.250 as being per se violations of the Consumer Protection Act, RCW 19.86. Specifically, it is RCW 19.86.090 upon which appellant bases her claim to treble damages. That section provides:

> Any person who is injured in his business or property by a violation of RCW 19.86.020, 19.86.030, 19.86.040, 19.86.050, or 19.86.060, or any person so injured because he refuses to accede to a proposal for an arrangement which, if consummated, would be in violation of RCW 19.86.030, 19.86.040, 19.86.050, or 19.86.060, may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him, or both, together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion, increase the award of damages to an amount not to exceed three times the actual damages sustained: *Provided,* That such increased damage award for violation of RCW 19.86.020 may not exceed one thousand dollars. For the purpose of this section "person" shall include the counties, municipalities, and all political subdivisions of this state.
>
> Whenever the state of Washington is injured by reason of a violation of RCW 19.86.030, 19.86.040, 19.86.050, or 19.86.060, it may sue therefor in the superior court to recover the actual damages sustained by it and to recover the costs of the suit including a reasonable attorney's fee.

The district court declined to enforce the treble damages provisions for lack of jurisdiction.

Jurisdiction for superior courts and justice courts both originate from the constitution. Const. art. 4, §§ 6, 10 (amendment 28). The difference between those two courts is that the former is a court of general jurisdiction in which jurisdiction exists unless specifically excluded. Const. art. 4, § 6 (amendment 28) provides in part:

> The superior court shall have original jurisdiction in all cases in equity and in all cases at law . . . and in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for by law; . . . and for such special cases and proceedings as are not otherwise provided for. The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court; . . .

If a remedy is nonexistent at common law or equity, and that remedy owes its existence to a statute, the superior court, absent exclusive jurisdiction in some other court, automatically has jurisdiction based on the clause in amendment 28 (article 4, section 6) providing jurisdiction "for such special cases and proceedings as are not otherwise provided for."

Justice courts (district courts), on the other hand, are courts of limited jurisdiction. In fact, jurisdiction for that court must be presumed not to exist except by a specific legislative grant. Const. art. 4, § 10 (amendment 28) states: "The legislature shall . . . prescribe by law the powers, duties and jurisdiction of justices of the peace . . ." RCW 3.66.010 gives justice courts "all the necessary powers which are possessed by courts of record in this state . . ." but only for the purpose of carrying out rights of action arising from RCW 3.30 through 3.74. It is also stated in RCW 3.66.010 that

> all laws of a general nature shall apply to such justice court as far as the same may be applicable and not inconsistent with the provisions of chapters 3.30 through 3.74 RCW.

For purposes of civil jurisdiction, RCW 3.66.020 lists forms of action over which the district court may have cognizance. A general category of action is contained in RCW 3.66.020(9) which provides:

> The justice court shall have jurisdiction and cognizance of the following civil actions and proceedings:
> . . .

(9) Of all other actions and proceedings of which jurisdiction is *specially conferred* by statute, . . .

(Italics mine.) A further source of limitation of jurisdiction on district or justice courts is contained in article 4, section 10, amendment 28, which dictates that, in no event, shall the legislative grant

trench upon the jurisdiction of superior or other courts of record, except that justices of the peace may be made police justices of incorporated cities and towns.

The foregoing discussion of the jurisdiction of superior courts and of district justice courts is important, primarily in that it furnishes aid to construction of the relevant statutes, because this litigation turns upon the meaning to be given to relevant statutory language.

Another item which is helpful as an aid to construction of RCW 19.86.090, which is in issue here, is that the words "superior court" in that section also appear in the same chapter in RCW 19.86.060, .100, .110, and .140. RCW 19.86.110 also contains reference to "the trial court of general jurisdiction." Nowhere in the chapter is there any mention of "district court," "justice court," or "other court."

The Consumer Protection Act, RCW 19.86, created a remedy that was nonexistent at common law. Had the legislature made no mention of a forum for the remedy, jurisdiction in the superior court could be presumed because of the absence of exclusive jurisdiction in some other court. The remedy of treble damages for unfair business practices in RCW 19.86.090 would constitute the equivalent of the "special cases and proceedings" in amendment 28 (article 4, section 6). However, the legislature did not remain silent as to forum designation. RCW 19.86.090 provides in part:

Any person who is injured in his business or property . . . may bring a civil action in the *superior court* to enjoin further violations, to recover the actual damages sustained by him, or both . . .

(Italics mine.) This statutory provision is plain upon its face. Any statute which is clear and unambiguous does not

admit of construction. *State v. Houck,* 32 Wn.2d 681, 203 P.2d 693 (1949); *Shelton Hotel Co. v. Bates,* 4 Wn.2d 498, 104 P.2d 478 (1940); *State v. Spino,* 61 Wn.2d 246, 377 P.2d 868 (1963). In other words, there is no need to search for the legislature's intent based on rules of statutory construction because the legislature's intent has been clearly spelled out by the use of the words "superior court" in RCW 19.86.090. However, since this issue is the focus of this litigation, I shall discuss several rules of statutory construction which are applicable.

Clearly, the legislature intended to limit any remedy pursued under RCW 19.86 to superior court jurisdiction. Jurisdiction for the justice court must be "specially conferred by statute." RCW 3.66.020(9). The majority argues that the words "may bring" in RCW 19.86.090 is a legislative attempt to leave room for alternate forums. While a majority starts with a series of correct rules, the final result is far from correct. The correct rules start with the statement, "Words in a statute are to be given their usual and ordinary meaning unless a contrary intent appears." With that I agree. I also agree that the word "may" conveys the idea of choice or discretion. But the ordinary rules of grammatical construction would indicate that the word "may" relates to the phrase "bring a civil action." Thus the legislature has indicated that a person may bring a civil action under RCW 19.86, but he is not compelled to do so. It therefore follows that the next phrase, "in the superior court", indicates where the plaintiff brings the action *if* plaintiff elects to bring an action at all. This is not an oversimplified view of the statute; it is the only commonsense view.

The majority also argues that since RCW 19.86.090 imposes a civil penalty, justice courts have concurrent jurisdiction by virtue of RCW 3.66.020(3). The majority overlooks the fact that treble damages for unfair competition is a purely statutory remedy, which would not exist but for the statute. The statute here created the remedy and provided for the forum wherein the remedy might be

enforced. The statement in *State v. Womack,* 82 Wn.2d 382, 386, 510 P.2d 1133 (1973) is applicable here:

> In a statutory proceeding, the jurisdiction and authority of the courts are prescribed by legislative enactment, and the court does not have any power that cannot be inferred from a broad interpretation thereof. *In re Parsons,* 76 Wn.2d 437, 457 P.2d 544 (1969); *Passmore v. Passmore,* 57 Wn.2d 762, 359 P.2d 811 (1961); *Arneson v. Arneson,* 38 Wn.2d 99, 227 P.2d 1016 (1951).

Another argument advanced by the majority is that the statute is unwise. Their argument is that most actions by collection agencies are in the district court and that it requires a separate action to enforce rights under RCW 19.86 if such rights can only be enforced in the superior court. Such arguments are not for the courts to consider, but should be directed to the legislature. The wisdom of statutes is not subject to judicial review. It is only the legislature which may properly determine the wisdom of its enactments. *State v. Carey,* 4 Wash. 424, 30 P. 729 (1892); *State ex rel. Wolfe v. Parmenter,* 50 Wash. 164, 96 P. 1047 (1908); *Treffry v. Taylor,* 67 Wn.2d 487, 408 P.2d 269 (1965); *Petstel, Inc. v. County of King,* 77 Wn.2d 144, 459 P.2d 937 (1969).

The treble damage provision is a penalty. The *general* provisions of the district court act provide that a district court may hear an action to recover a penalty. However, the remedy herein is provided by a *special* provision. That provision is found in RCW 19.86.090 which is a part of the Consumer Protection Act (RCW 19.86). The rule is well known and generally accepted that if a conflict exists between a special statutory provision and a general statute, the special provision will control. *State ex rel. Sherman v. Benson,* 111 Wash. 124, 189 P. 1000 (1920); *Knowles v. Holly,* 82 Wn.2d 694, 513 P.2d 18 (1973). Here the Consumer Protection Act is not only a special statute, it is also the sole source of the remedy sought to be enforced.

The judgment of the district court should be affirmed.

BRACHTENBACH and HOROWITZ, JJ., concur with WRIGHT, C.J.