COURT OF APPEALS
STATE OF WASHINGTON

2013 AUG 19 AM 9: 45



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| LARRY M. KASOFF, | ) | No. 68601-1-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CCB CREDIT SERVICES, INC. | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: August 19, 2013 |
| | ) | |

VERELLEN, J. — Larry Kasoff appeals the summary judgment dismissing his action for a declaratory judgment under Washington's Collection Agency Act.[1] Because CCB Credit Services Inc., an out-of-state collection agency licensed in Washington, may have committed a prohibited practice by failing to make a reasonable effort to obtain and provide an itemization of the amount owing, we reverse.

The parties have not fully briefed the appropriate remedy if Kasoff establishes a prohibited practice, and we decline to reach that question.

## FACTS

On July 2, 2010, Wells Fargo Bank, NA contacted CCB to collect $27,167.36 from Kasoff. On July 6, CCB sent Kasoff a letter demanding payment. Also on July 6, Kasoff telephoned CCB to dispute the collection account. CCB told Kasoff that it would

---

[1] Chapter 19.16 RCW.

close the account, but on July 7, CCB requested and obtained Kasoff's credit report. CCB claimed that this was an automated procedure already set into action before the CCB representative assured Kasoff on July 6 that CCB would cease collection activity.

On July 10, Kasoff mailed CCB a letter requesting an itemization of the debt, including a breakdown of the amount owing on the original obligation, interest charges, collection costs, and late fees that Wells Fargo applied before sending the account to CCB. An attorney for CCB contacted Kasoff and told him that CCB had ceased collection and closed the account. The attorney suggested Kasoff contact Wells Fargo to obtain the itemization.

Kasoff filed a lawsuit seeking a declaratory judgment that (1) CCB committed a prohibited practice under RCW 19.16.250(8)(c) when it failed to provide the itemization he requested; and (2) he is entitled to the remedy provided in RCW 19.16.450.[2] CCB moved for summary judgment. The trial court granted CCB's motion, concluding as a matter of law that CCB did not violate former RCW 19.16.250 because it ceased collection activity and no longer had a duty to provide Kasoff the information he requested.

Kasoff appeals.

---

[2] Former RCW 19.16.450 (2010) specifies, "If an act or practice in violation of RCW 19.16.250 is committed by a licensee or an employee of a licensee in the collection of a claim, neither the licensee, the customer of the licensee, nor any other person who may thereafter legally seek to collect on such claim shall ever be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim: PROVIDED, That any person asserting the claim may nevertheless recover from the debtor the amount of the original claim or obligation."

ANALYSIS

*Standard of Review*

This court reviews an order on summary judgment de novo, viewing all facts in the light most favorable to the nonmoving party.[3]

*Genuine Issue of Material Fact*

Kasoff asserts that the trial court erred in concluding as a matter of law that CCB did not violate RCW 19.16.250(8)(c). We agree.

Washington's Collection Agency Act "imposes requirements for communications about debts and regulates such communications in several other ways."[4] The 2010 version of RCW 19.16.250(8)(c) applicable here defined "prohibited practices," including requirements for the first notice of a claim:

> (c) If the notice, letter, message, or form is the first notice to the debtor . . . an itemization of the claim asserted must be made including:

> (i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment;

> (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee: PROVIDED, That *upon written request of the debtor, the licensee shall make a reasonable effort to obtain information on such items and provide this information to the debtor.*[5]

---

[3] Vallandigham v. Clover Park Sch. Dist. No. 400, 154 Wn.2d 16, 109 P.3d 805 (2005). Kasoff did not file a cross motion for summary judgment in his favor below.

[4] 27 MARJORIE DICK ROMBAUER, WASHINGTON PRACTICE CREDITORS' REMEDIES-DEBTORS' RELIEF § 1.45, at 62 (1998).

[5] Former RCW 19.16.250(8)(c) (2010) (emphasis added). The current version of this statute adds more requirements to a licensee's communications with a debtor, but the relevant language of subsection (8)(c) remains unchanged.

3

Kasoff's declaratory judgment asked the court to rule on whether CCB committed a prohibited practice by failing to make a reasonable effort to obtain the itemization he requested under RCW 19.16.250(8)(c).[6] Kasoff's request for a declaration of his remedy for such a prohibited practice is an entirely separate question.

The following circumstances are relevant to the prohibited practice analysis: (1) Wells Fargo forwarded the account to CCB without providing an itemization; (2) the original balance asserted in the July 6 letter from CCB was $27,167.36; (3) Kasoff purportedly received statements from Wells Fargo reflecting no amount due on his personal line of credit; (4) Kasoff disputed that any amount was due on his account based upon those statements; (5) Kasoff requested an itemization; and (6) an attorney for CCB suggested Kasoff should contact Wells Fargo for the information.

A reasonable inference from these circumstances is that CCB had a direct and expeditious way to obtain an itemization for Kasoff by making a direct inquiry to Wells Fargo. But here, the record does not reveal whether the attorney for CCB or anyone else at CCB had any other communications with Wells Fargo about the account, or if some other concern led the attorney to suggest Kasoff directly contact Wells Fargo. The record does not reveal, for example, whether Kasoff had multiple accounts at Wells Fargo, or what gave rise to the Wells Fargo statements indicating no amount owing. Viewing the limited facts in the record with all reasonable inferences in Kasoff's favor, there is a question of fact whether, under all the circumstances, CCB made reasonable efforts as required by RCW 19.16.250(8)(c).

_____

[6] Kasoff acknowledges that CCB had an initial duty to include an itemization in the first notice only if "such information is known," and that CCB did not know this information when it sent the demand letter. RCW 19.16.250(8)(c)(ii).

Based upon the "in the collection of a claim" language in RCW 19.16.450, CCB contends that any obligation to make reasonable efforts ended once CCB ceased collecting the debt.[7] But that argument goes to the separate question of the appropriate remedy if a collection agency commits a prohibited practice. The plain language of RCW 19.16.450 addresses only a remedy available once a prohibited practice has been established.[8] The reference in section .450 to commission of a prohibited practice "in the collection of a claim" is not related to the separate question of whether the agency has committed a prohibited practice under section .250.

To the extent Kasoff and CCB dispute the remedy available if Kasoff establishes a prohibited practice, neither party has adequately briefed that question, and we decline to address it.[9] The suggestion that ceasing collection efforts establishes a "safe harbor" insulating a collection agency from the remedy provided for in RCW 19.16.450 will have to await a more precise record and more thorough briefing.[10]

---

[7] Former RCW 19.16.450, which defines the debtor's remedy for a violation, provides that the remedy applies "[i]f an act or practice in violation of RCW 19.16.250 is committed by a licensee . . . *in the collection of a claim.*" (Emphasis added.).

[8] See Strenge v. Clarke, 89 Wn.2d 23, 33-34, 569 P.2d 60 (1977) (a statute's unambiguous plain language controls).

[9] See Norcon Builders LLC v. GMP Homes VG LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011) ("We will not consider an inadequately briefed argument.").

[10] Notably, the prohibited practices identified in the current version of RCW 19.16.250 include several provisions that expressly recognize that upon written request for specific items of information, the collection agency shall provide the information to the debtor "or cease efforts to collect on the debt until this information is provided." See, e.g., RCW 19.16.250(8)(b) (the name of the original creditor); .250(8)(e)(ii) (the original account number); .250(8)(e)(ii) (the date of the last payment). The unchanged section .250(8)(c) itemization request provision at issue here does not include such a cease collection option.

The limited record and briefing do not support summary judgment in favor of CCB on the discrete issue of whether CCB committed a prohibited practice under RCW 19.16.250. Viewing the facts and reasonable inferences most favorably to Kasoff, whether CCB made a reasonable effort to obtain and provide the itemization he requested is a genuine issue of material fact.[11] We reverse the trial court order granting summary judgment and dismissing Kasoff's declaratory judgment action.

We decline to reach the separate question of whether a remedy under RCW 19.16.450 is appropriate if Kasoff does establish CCB committed a prohibited practice.

Reversed and remanded for further proceedings consistent with this opinion.

WE CONCUR:

---

[11] See, e.g., Security State Bank v. Burk, 100 Wn. App. 94, 101-02, 995 P.2d 1272 (2000) (reasonableness is a question of fact to be determined by the trier of fact); Service Chevrolet, Inc. v. Sparks, 99 Wn.2d 199, 205, 660 P.2d 760 (1983) (factual questions should be determined as a matter of law only in the clearest of cases).